UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA, (U.S.)<br>Plaintiff<br><br>V.<br><br>IDA CONROY, PAUL S. DAVENPORT, PAUL GONYA, CAROL KIMBERLY GRIGGS a/k/a CAROL KIMBERLY, JEFFREY LUIZ, H. LOCKE MACDONALD, A. MICHAEL MARINO, ROBERT R. NADEAU, ANTHONY J. ROBBIO, JR, and FREDERICK VON FREDREK,<br>Defendants | 05 172ML<br><br>CIVIL ACTION NO. |

**COMPLAINT FOR INTERPLEADER**

1. This is a Complaint for Interpleader brought pursuant to Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. §§1335, 1397 and 2361 to require the defendants to interplead and settle among themselves their rights to the proceeds of seven annuity contracts owned by the late Frederick A. Gonya.

2. This Court has original jurisdiction of this matter pursuant to 28 U.S.C. §1335. Venue is appropriate in this Court pursuant to 28 U.S.C. §1397 as one or more of the defendants reside in this judicial district.

PARTIES

3. The plaintiff, Sun Life Assurance Company of Canada, U.S. ("Sun Life"), is a stock life insurance company incorporated under the laws of Delaware. Its principal place of business is in Wellesley Hills, Massachusetts.

4. The defendant, Ida Conroy ("Ms. Conroy") is an individual who, upon information and belief, resides at 1 Webster Avenue, Providence, Rhode Island.

5. The defendant, Paul S. Davenport ("Mr. Davenport") is an individual who, upon information and belief, resides at 3691 Lakemont Drive, Bonita Springs, Florida.

6. The defendant, Paul Gonya is an individual who, upon information and belief, resides at 2570 West Victoria Drive, Alpine, California.

7. The defendant, Carol Kimberly Griggs a/k/a Carol Kimberly ("Ms. Griggs") is an individual who, upon information and belief, resides at 24 Plantation Drive, Cranston, Rhode Island.

8. The defendant, Jeffrey Luiz ("Mr. Luiz") is an individual who, upon information and belief, resides at 7 Tobin Lane, Bristol, Rhode Island.

9. The defendant, H. Locke MacDonald ("Mr. Macdonald") is an individual who, upon information and belief, resides at 64 Dean Street, Cranston, Rhode Island.

10. The defendant, A. Michael Marino ("Mr. Marino") is an individual who, upon information and belief, resides at 99 Heritage Drive, East Greenwich, Rhode Island.

11. The defendant, Robert R. Nadeau ("Mr. Nadeau") is an individual who, upon information and belief, resides at 15 Harmon Avenue, Cranston, Rhode Island.

12. The defendant, Anthony J. Robbio, Jr. ("Mr. Robbio") is an individual who, upon information and belief, resides at 117 Beacon Street, Cranston, Rhode Island.

13. The defendant, Frederick Von Fredrek ("Mr. Von Fredrek") is an individual who, upon information and belief, resides at 4 Parkman Street, Providence, Rhode Island.

## FACTS

14. Frederick A. Gonya was the owner and annuitant of the following annuity contracts issued by Sun Life to him:

- Contract No. 08-0880-138224 with a contract date of August 17, 1984 ("Contract 224"),
- Contract No. 08-0880-138233 with a contract date of August 17, 1984 ("Contract 233"),
- Contract No. 08-0880-145038 with a contract date of January 18, 1985 ("Contract 038"),
- Contract No. 08-0880-145056 with a contract date of January 18, 1985 ("Contract 056"),
- Contract No. 08-0880-145065 with a contract date of January 18, 1985 ("Contract 065"),
- Contract No. 08-0880-145074 with a contract date of January 18, 1985 ("Contract 074"), and
- Contract No. 71-7100-001929 with a contract date of December 20, 1985 ("Contract 929", collectively the "Contracts").

15. At various times, Frederick A. Gonya had designated one or more of the defendants as beneficiaries of one or more of the Contracts.

16. Frederick A. Gonya died on September 6, 1999.

17. In an action pending in the Rhode Island Superior Court, Messrs. Von Fredrek, Gonya, Nadeau, Robbio, Marino and Davenport have filed suit against Ms. Griggs seeking to recover, among other things, the proceeds of the some or all of the Contracts.

18. Because of the dispute among the defendants as to the Contracts, Sun Life has not yet distributed the proceeds of the Contracts.

19. Messrs. Von Fredrek, Gonya, Nadeau, Robbio, Marino and Davenport have objected to the distribution of the proceeds of the Contracts to Ms. Griggs. Ms. Griggs contends that the proceeds from the Contracts should be distributed directly to her. Thus, a dispute exists among the defendants regarding who are the beneficiaries under the Contracts and how the proceeds from the Contracts should be distributed among them.

20. The defendants have claims against Sun Life such that it may be exposed to multiple liabilities for the proceeds of the Contracts.

<u>Contract 224</u>

21. In August, 1984, Frederick A. Gonya designated Mr. Von Fredrek as the beneficiary of Contract 224.

22. In March, 1990 and again on about August 19, 1999, Frederick A. Gonya allegedly designated Ms. Griggs as the beneficiary of Contract 224.

23. Upon information and belief, Mr. Von Fredrek and Ms. Griggs dispute how the proceeds of Contract 224 should be distributed.

24. The value of Contract 224 is approximately $55,202.18.

<u>Contract 233</u>

25. In August, 1984, Frederick A. Gonya designated Paul Gonya as the beneficiary of Contract 233.

26. Upon information and belief, Ms. Griggs claims to be the beneficiary of Contract 233.

27. Upon information and belief, Paul Gonya and Ms. Griggs dispute how the proceeds of Contract 233 should be distributed.

28. The value of Contract 233 is approximately $71,465.69.

Contract 038

29. In January 1985, Frederick A. Gonya designated Mr. Marino as the beneficiary of Contract 038.

30. On or about August 19, 1999, Frederick A. Gonya allegedly designated Defendant Ms. Griggs as the beneficiary of Contract 038.

31. Upon information and belief, Mr. Marino and Ms. Griggs dispute how the proceeds of Contract 038 should be distributed.

32. The value of Contract 038 is approximately $18,050.64.

Contract 056

33. In January 1985, Frederick A. Gonya designated Ms. Conroy as the beneficiary of Contract 056.

34. On or about August 19, 1999, Frederick A. Gonya allegedly designated Ms. Griggs as the beneficiary of Contract 056.

35. Upon information and belief, Ms. Conroy and Ms. Griggs dispute how the proceeds of Contract 056 should be distributed.

36. The value of Contract 056 is approximately $18,050.64.

Contract 065

37. In January 1985, Frederick A. Gonya designated Thomas Rotella as the beneficiary of Contract 065.

38. In August 1993, Frederick A. Gonya designated Mr. MacDonald as the beneficiary of Contract 065.

39. On or about August 19, 1999, Frederick A. Gonya allegedly designated Ms. Griggs as the beneficiary of Contract 065.

40. Upon information and belief, Mr. MacDonald and Ms. Griggs dispute how the proceeds of Contract 065 should be distributed.

41. The value of Contract 065 is approximately $18,050.64.

Contract 074

42. In January 1985, Frederick A. Gonya designated Mr. Nadeau as the beneficiary of Contract 074.

43. On or about August 19, 1999, Frederick A. Gonya allegedly designated Ms. Griggs as the beneficiary of Contract 074.

44. Upon information and belief, Mr. Nadeau and Ms. Griggs dispute how the proceeds of Contract 074 should be distributed.

45. The value of Contract 074 is approximately $18,050.64.

Contract 929

46. In December 1985, Frederick A. Gonya designated Mr. Von Fredrek as the beneficiary of Contract 929.

47. In February 1990, Frederick A. Gonya designated Mr. Luiz as the beneficiary of Contract 929.

48. On or about August 19, 1999, Frederick A. Gonya allegedly designated Ms. Griggs as the beneficiary of Contract 929.

49. Upon information and belief, Mr. Luiz and Ms. Griggs dispute how the proceeds of Contract 929 should be distributed.

50. The value of Contract 929 is approximately $102,276.95.

WHEREFORE, Sun Life requests that the Court grant the following relief:

a. That a Declaratory Judgment be entered declaring the interest that each defendant has in the proceeds of the Contracts;

b. That each of the defendants be restrained from instituting any action against Sun Life related to the recovery of the proceeds of the Contracts;

c. That Sun Life be allowed to deposit the proceeds of Contracts 224, 233, 038, 056, 065, 074 and 929 into this Court pending judgment;

d. That the defendants be required to interplead and settle among themselves their rights to the proceeds of the Contracts and that Sun Life be discharged from all liability as to the recovery;

e. That Sun Life be dismissed from this action with prejudice;

f. That Sun Life be awarded its costs, including attorney's fees, and that this amount be deducted from the proceeds of Contracts 224, 233, 038, 056, 065, 074 and 929; and

g. For such further relief as the Court may deem appropriate.

SUN LIFE ASSURANCE COMPANY OF CANADA,

By its attorneys,

Joan O. Vorster, Esq.
RI # 5784
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax: (508) 791-8502

Richard E. Kirby, Esq.
RI # 3780
Macktaz, Keefer & Kirby
The Aldrich Building
72 Pine Street
Providence, RI 02903
Phone: (401) 272-5300
Fax: (401) 331-7454

Dated: 4 · 11 · 05