UNITED STATES DISTRICT COURT
District of Rhode Island

Sun Life Assurance Co. of Canada (U.S.)

v. C.A. 05-172 ML

Ida Conroy, Paul S. Davenport, Paul Gonya, Carol Kimberly Griggs, a/k/a Carol Kimberly, Jeffrey Luiz, H. Locke MacDonald, A. Michael Marino, Robert R. Nadeau, Anthony J. Robbio, Jr., and Frederick Von Fredrek

**ANSWER OF DEFENDANT CAROL KIMBERLY GRIGGS**

1. Paragraph 1 of the Complaint calls for legal conclusions, and the defendant neither admits nor denies the allegations and leaves plaintiff to its proof.

2. Paragraph 2 of the Complaint calls for legal conclusions, and the defendant neither admits nor denies the allegations and leaves plaintiff to its proof.

3. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in paragraph 3 of the Complaint and leaves plaintiff to its proof.

4. Defendant admits that Ida Conroy ("Conroy") resided in the State of Rhode Island, but is without sufficient information to form an opinion as to the truth of the remaining allegations of paragraph 4 of the Complaint, and leaves plaintiff to its proof.

5. Defendant admits that Paul S. Davenport ("Davenport") has, at times, claimed to reside in the State of Florida, but is without sufficient information to form an opinion as to the truth of the remaining allegations of paragraph 5 of the Complaint, and leaves plaintiff to its proof.

6. Defendant admits that Paul Gonya has resided in the State of California, but is without sufficient information to form an opinion as to the truth of the remaining allegations of paragraph 6 of the Complaint, and leaves plaintiff to its proof.

7. Defendant admits the allegations of paragraph 7 of the Complaint, but denies that she resides at 24 Plantation Drive, Cranston, Rhode Island.

8. Defendant is without sufficient information to form an opinion as to the truth of the allegations of paragraph 8 of the Complaint and leaves plaintiff to its proof.

9. Defendant is without sufficient information to form an opinion as to the truth of the allegations of paragraph 9 of the Complaint and leaves plaintiff to its proof.

10. Defendant admits that A. Michael Marino has, at times, claimed to reside in the State of Rhode Island, but is without sufficient information to form an opinion as to the truth of the remaining allegations of paragraph 10 of the Complaint, and leaves plaintiff to its proof.

11. Defendant admits Robert R. Nadeau has, at times, claimed to reside in the State of Rhode Island, but is without sufficient information to form an opinion as to the truth of the remaining allegations of paragraph 11 of the Complaint, and leaves plaintiff to its proof.

12. Defendant admits Anthony J. Robbio, Jr. has, at times, claimed to reside in the State of Rhode Island, but is without sufficient information to form an opinion as to the truth of the remaining allegations of paragraph 12 of the Complaint, and leaves plaintiff to its proof.

13. Defendant admits that Frederick Von Fredrek, at times, resides in the State of Rhode Island, but is without sufficient information to form an opinion as to the truth of

the remaining allegations of paragraph 13 of the Complaint, and leaves plaintiff to its proof.

14. Defendant admits that the late Frederick A. Gonya was the owner and annuitant, during his lifetime, of various annuity contracts issued by Sun Life to him, and neither admits nor denies and leaves plaintiff to its proof with respect to the remaining allegations of paragraph 14 of the Complaint.

15. Defendant admits that from time to time Frederick A. Gonya apparently designated one or more of the persons named defendants as beneficiaries under one or more of the Contracts, and leaves plaintiff to its proof with respect to the remaining allegations of paragraph 15 of the Complaint.

16. Admit.

17. Defendant admits that Marino, Nadeau, Robbio and Davenport have filed suit against her in Providence County Superior Court, Docket No. 99-4657, ("state court proceedings") in which they allege undue influence by the Defendant when, three weeks prior to his death, Frederick A. Gonya changed the beneficiaries on certain annuities of which only the contracts identified by the plaintiff as contracts 038 and 074 are at issue. Defendant admits that Gonya and Von Fredrek in that state court proceeding also claim allege undue influence by the Defendant with respect to a deed of conveyance concerning certain real property that is unrelated to the matters set forth in the Complaint. Defendant denies that in the state court proceeding Gonya, and/or Von Fredrek have disputed distribution to Defendant of any of the annuities issued by plaintiff, and further denies the remaining allegations of paragraph 17 of the Complaint.

18. Defendant admits that in accord with a stipulation and consent order entered in the state court proceedings, plaintiff has not distributed the proceeds of Contracts 038 and 074, or any contract that named Nadeau, Marino, Robbio or Davenport as a designated beneficiary. Defendant is without sufficient information to form an opinion as to the truth of the remaining allegations of paragraph 18, and leaves plaintiff to its proof.

19. Other than the matters set forth in the state court proceedings by Nadeau, Robbio, Marino and Davenport, Defendant is without sufficient information to form a belief as to the truth of the allegations of the first two sentences of paragraph 19 of the Complaint, Defendant admits that other than the matters set forth in the state court proceedings by Nadeau, Robbio, Marino and Davenport, the proceeds of the Contracts should be distributed to her. Other than the matters set forth in the state court proceedings by Nadeau, Robbio, Marino and Davenport, Defendant is without sufficient information to form a belief as to the truth of the remaining allegations of paragraph 19 of the Complaint and leaves plaintiff to its proof.

20. Defendant denies the allegations of paragraph 20 insofar as the matters pending in the state court proceedings, and is without sufficient information to form an opinion as to the truth of the remaining allegations of paragraph 20 of the Complaint, and leaves plaintiff to its proof.

CONTRACT 224

21. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in paragraph 21, and leaves plaintiff to its proof.

22. Defendant admits that in 1990 Frederick A. Gonya designated her as the beneficiary of Contract 224, and is without sufficient information to form an opinion as to the truth of the remaining allegations of paragraph 22, and leaves plaintiff to its proof.

23. Defendant denies that in the state court proceedings in which Von Fredrek is a party there is any dispute as to the distribution of the proceeds of Contract 224, and is without sufficient information to form an opinion as to the truth of the allegations of paragraph 23, and leaves plaintiff to its proof

24. Defendant is without sufficient information to form an opinion as to the truth of the allegations of paragraph 24, and leaves plaintiff to its proof.

CONTRACT 233

25. Defendant is without sufficient information to form an opinion as to the truth of the allegations of paragraph 25, and leaves plaintiff to its proof.

26. Defendant admits that she was designated the beneficiary of Contract 233 in 1994, and the remaining allegations of paragraph 26.

27. Defendant denies that in the state court proceedings in which Gonya is a party there is any dispute as to the distribution of the proceeds of Contract 233, and is without sufficient information to form an opinion as to the truth of the remaining allegations of paragraph 27, and leaves plaintiff to its proof

28. Defendant is without sufficient information to form an opinion as to the truth of the allegations of paragraph 28, and leaves plaintiff to its proof

CONTRACT 038

29. Defendant is without sufficient information to form an opinion as to the truth of the allegations of paragraph 29, and leaves plaintiff to its proof.

30. Defendant admits that on or about August 19, 1999, Frederick A. Gonya designated her as the beneficiary on Contract 038, and denies the remaining allegations of 30.

31. Defendant admits that Marino and she dispute how the proceeds of Contract 038 should be distributed, and that that dispute is the subject of prior state court proceedings.

32. Defendant is without sufficient information to form an opinion as to the truth of the allegations of paragraph 32, and leaves plaintiff to its proof.

CONTRACT 056

33. Defendant is without sufficient information to form an opinion as to the truth of the allegations of paragraph 33, and leaves plaintiff to its proof.

34. Defendant admits that on or about August 19, 1999, Frederick A. Gonya designated her as the beneficiary on Contract 056, and denies the remaining allegations of 30.

35. Defendant has no knowledge of any dispute by Ms. Conroy of how the proceeds of Contract 056 should be distributed, and is without sufficient information to form an opinion as to the truth of the remaining allegations of paragraph 35, and leaves plaintiff to its proof.

36. Defendant is without sufficient information to form an opinion as to the truth of the allegations of paragraph 36, and leaves plaintiff to its proof.

CONTRACT 065

37. Defendant is without sufficient information to form an opinion as to the truth of the allegations of paragraph 37, and leaves plaintiff to its proof.

38. Defendant is without sufficient information to form an opinion as to the truth of the allegations of paragraph 38, and leaves plaintiff to its proof.

39. Defendant admits that on or about August 19, 1999, Frederick A. Gonya designated her as the beneficiary on Contract 065, and denies the remaining allegations of 39.

40. Defendant is without sufficient information to form an opinion as to the truth of the allegations of paragraph 40 and leaves plaintiff to its proof.

41. Defendant is without sufficient information to form an opinion as to the truth of the allegations of paragraph 41, and leaves plaintiff to its proof.

CONTRACT 074

42. Defendant is without sufficient information to form an opinion as to the truth of the allegations of paragraph 42 and leaves plaintiff to its proof.

43. Defendant admits that on or about August 19, 1999, Frederick A. Gonya designated her as the beneficiary on Contract 074 and denies the remaining allegations of 39.

44. Defendant admits that Marino and she dispute how the proceeds of Contract 074 should be distributed, and that that dispute is the subject of the pending state court proceedings.

45. Defendant is without sufficient information to form an opinion as to the truth of the allegations of paragraph 45 and leaves plaintiff to its proof.

CONTRACT 929

46. Defendant is without sufficient information to form an opinion as to the truth of the allegations of paragraph 46 and leaves plaintiff to its proof.

47. Defendant is without sufficient information to form an opinion as to the truth of the allegations of paragraph 47 and leaves plaintiff to its proof.

48. Defendant admits that on or about August 19, 1999, Frederick A. Gonya designated her as the beneficiary on Contract 929 and denies the remaining allegations of 48

49. Defendant is without sufficient information to form an opinion as to the truth of the allegations of paragraph 49 and leaves plaintiff to its proof.

50. Defendant is without sufficient information to form an opinion as to the truth of the allegations of paragraph 50 and leaves plaintiff to its proof.

AFFIRMATIVE DEFENSES

1. Laches in that the plaintiff has been aware of the state court proceedings involving the same subject matter as the instant Complaint for Interpleader, and that the present Complaint for Interpleader will be prejudicial to the defendant.
2. Alternative relief to avoid the risk of multiple liability is available to the plaintiff in previously filed and currently pending state court proceedings, as all defendant's named herein who are not residents of Rhode Island have voluntarily submitted themselves to both in personam and subject matter jurisdiction in the state court proceedings now pending in the Providence County Superior Court.
3. The substantive rights of the plaintiff and the defendants named herein to the distribution of the annuity proceeds are measured by state law, and are subject

to the orderly process of a state court which had acquired prior jurisdiction, and no federal questions or interests are implicated in this matter.

4. The claims of a dispute with respect to Contracts 224 and 233 were dismissed with prejudice in the prior state court proceedings, and are otherwise barred by the applicable statute of limitations.

5. The claim of dispute with respect to Contract 929 is barred by the applicable statute of limitations, and by the breach of fiduciary duties owed to Frederick A. Gonya by Jeffrey Luiz that resulted in Mr. Luiz being named the beneficiary of Contract 929 in 1990.

Wherefore, the defendant Carol Kimberly Griggs requests that the Court grant the following relief:

a. Deny the Complaint for Interpleader;

b. Deny the plaintiff's request that the defendants be required to litigate their claims in this Court, rather than in the prior and pending state court proceedings;

c. Abstain from interfering with on-going state court proceedings;

d. Find that Sun Life has an adequate, alternative state court remedy, ;

e. For such other relief as the Court deems appropriate.

Carol Kimberly Griggs,
By her Attorney,

Edward L. Gerstein, Esq., #2270
29 Meeting House Lane
Little Compton, RI 02837
Tel: (401) 635-2282
Fax: (401) 635-1612

CERTIFICATION

I hereby certify that a copy of the within was sent by first class mail, postage prepaid, this 6th day of September, 2005 to: Joan O. Voster, Esq., attn: Kristina Allair, Esq., Mirick O'Connell, 100 Front Street, Worcester, MA 01608; Richard E. Kirby, Esq., 72 Pine Street, Providence, RI 02903; and Edward DiPippo, Esq., 1062 Reservoir Ave., Cranston, RI 02910.

[signature]