UNITED STATES DISTRICT COURT
District of Rhode Island

Sun Life Assurance Co. of Canada (U.S.)

v. C.A. 05-172 ML

Ida Conroy, Paul S. Davenport, Paul Gonya, Carol Kimberly Griggs, a/k/a Carol Kimberly, Jeffrey Luiz, H. Locke MacDonald, A. Michael Marino, Robert R. Nadeau, Anthony J. Robbio, Jr., and Frederick Von Fredrek

**RESPONSE OF DEFENDANT GRIGGS TO PLAINTIFF'S MOTION TO DEPOSIT PROCEEDS OF ANNUITY CONTRACTS INTO COURT**

The plaintiff, Sun Life Assurance Co. of Canada (U.S.) has moved to deposit the proceeds of seven annuity contracts with the Clerk of the Court. The defendant, Carol Kimberly Griggs, responds that pending further proceedings, the Court should: (a) defer consideration of plaintiff's motion; or (b) deny the motion without prejudice; or (c) allow the motion expressly without prejudice to any of the rights of this defendant.

The support for this Response is set forth in the accompanying Memorandum of law filed contemporaneously herewith.

Carol Kimberly Griggs,
By her Attorney,

Edward L. Gerstein, Esq., #2270
29 Meeting House Lane
Little Compton, RI 02837
Tel: (401) 635-2282
Fax: (401) 635-1612

CERTIFICATION

I hereby certify that a copy of the within Response to motion to deposit funds was mailed, postage prepaid this 4th day of November, 2005 to:

Joan O. Voster, Esq.
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477

Avram N. Cohen, Esq.
155 South Main St.
Suite 204
Providence, RI 02903

Richard E. Kirby, Esq.
Macktaz, Keefer & Kirby
72 Pine Street
Providence, RI 02903

Edward DiPippo, Esq.
1062 Reservoir Ave.
Cranston, RI 02910

UNITED STATES DISTRICT COURT
District of Rhode Island

Sun Life Assurance Co. of Canada (U.S.)

v. C.A. 05-172 ML

Ida Conroy, Paul S. Davenport, Paul Gonya, Carol Kimberly Griggs, a/k/a Carol Kimberly, Jeffrey Luiz, H. Locke MacDonald, A. Michael Marino, Robert R. Nadeau, Anthony J. Robbio, Jr., and Frederick Von Fredrek

**MEMORANDUM OF DEFENDANT GRIGGS IN SUPPORT OF RESPONSE TO PLAINTIFF'S MOTION TO DEPOSIT PROCEEDS OF ANNUITY CONTRACTS INTO COURT**

NATURE AND BACKGROUND OF PROCEEDINGS

Sun Life Assurance Company of Canada (U.S.) ("Sun Life") started this action on April 25, 2005, by filing a "Complaint For Interpleader" (the "Complaint"). It seeks to place in dispute seven annuity contracts purchased by Frederick A. Gonya in 1984 and 1985 (sometimes collectively "the annuities"). Each annuity is separately identified by contract number, value, and purported "adverse claimants" (Complaint at ¶¶ 21-50). Jurisdiction is alleged to pursuant to 28 U.S.C. § 1335. (Complaint at ¶ 3).

The provisions of the annuities allowed Frederick A. Gonya to change the beneficiaries thereof by submitting appropriate "Change of Beneficiary" forms to Sun Life. At various times during his lifetime he did just that. Mr. Gonya died on September 6, 1999. At the time of his death he remained the owner of the annuities. As of the time

of his death, his daughter, the defendant Carol Kimberly Griggs, was designated as the beneficiary for the annuities identified by Sun Life. Sun Life does not allege that Frederick A. Gonya failed to comply with any of its procedures concerning the designation of his daughter as the beneficiary, that any of the other named defendants were parties to the transactions between it and Mr. Gonya, or that at any point in time he irrevocably designated, in whole or part, anyone as a beneficiary.

A probate estate for the late Frederick A. Gonya was opened in September, 1999. The defendants named by Sun Life did not assert any claims in the probate proceedings that Mr. Gonya, or his estate, were obligated to them in tort or contract, or that the annuities represented consideration for any transaction or understanding with Mr. Gonya.[1] At about the same time, defendants Paul S. Davenport, Paul Gonya, A. Michael Marino, Robert R. Nadeau, Anthony J. Robbio, Jr., and Frederick Von Fredrek commenced state court proceedings against Carol Kimberly Griggs. The state court proceedings sound in tort. It is asserted that she exercised undue influence over her father shortly before his death by causing him, on a date certain, to designate her as the death beneficiary, *inter alia*, on two of the annuity contracts Sun Life identifies in the Complaint as contracts numbered 038 and 074.[2] The state court action, including counterclaims by, and orders favorable to, Carol Kimberly Griggs, remains pending.

In response to subpoenas issued in the state court proceedings, Sun Life disclosed the existence and history of the annuity contracts it now identifies in the Complaint. The defendants (and state court plaintiffs) Paul S. Davenport, Paul Gonya, Anthony J.

---

[1] This defendant is aware that annuities with named beneficiaries are not administered by the executor of an estate. The absence of any probate claims is, however, indicative of the absence of any contractual or other obligations between Mr. Gonya and the defendants that would implicate the annuities, or Sun Life.

[2] At one point, these contracts named defendants Nadeau and Marino as beneficiaries.

Robbio, Jr., and Frederick Von Fredrek make no claim against, or to, the Sun Life annuities in the state court proceedings. In the six years since the death of Frederick A. Gonya, and prior to the filing of the instant Complaint, no "adverse claims" have been asserted against the annuity contracts, other than Sun Life contracts 038 and 074 that form, in part, the basis of this action, and remain under restriction by virtue of an Order of the Providence County Superior Court, of which Sun Life is fully aware. [3]

In this action Sun Life has named ten defendants. (Complaint at ¶¶ 4-13). Only three have answered, or otherwise appeared in these proceedings. The three defendants who have answered are all residents of Rhode Island. On October 24, 2005, defaults entered against the defendants Davenport, Gonya, Luiz, Marino, Nadeau, Robbio and Von Fredrek, although they demonstrated a lack of interest in this matter months before the formal entry of default. [4] According to the affidavits filed by Sun Life in support of the applications for entry of default, the Answers of six of the seven non-responding defendants were due on July 11, 2005, and the Answer of the other non-responding defendant was due on August 15, 2005. Of the seven non-responding defendants, five are alleged to be residents of Rhode Island, one is alleged to be a resident of Florida, and one is alleged to be a resident of California. Each of the seven defaulted defendants has had over five months to respond to the Complaint, but have not. Each of the defaulted

---

[3] As a result of the death of Mr. Gonya and the state court proceedings, the federal defendants knew, or should have known, of the Sun Life annuities, yet no "adverse claims" were asserted concerning the annuities, other than contracts 038 and 074. Moreover, upon information and belief, prior to the commencement of these proceedings the defendants MacDonald and Conroy did not notify Sun Life of any intent to dispute or claim an interest in any of the annuities.

[4] While the defendant Carol Kimberly Griggs is not privy to the files of Sun Life concerning this matter, a review of the Court's docket sheet does not disclose any motions, entries of appearance, or other communication by or on behalf of the non-responding defaulted defendants. In addition, the motions for default and accompanying affidavits filed by Sun Life do not refer to any communications with the defaulted defendants, other than acknowledgement of these proceedings.

defendants have had over six years to lodge or assert "adverse claims" to the annuities, but, other than the two annuities that are subject to the state court proceedings, they have not.

ARGUMENT

The proposed deposit is the first step in Sun Life's efforts to be discharged from any liability concerning the annuities. It is the position of this defendant that under the current circumstances, the Court should defer decision on the motion of Sun Life to deposit the funds with the clerk, or deny the motion without prejudice, pending further proceedings. An alternative disposition would be to allow the motion expressly without prejudice to, or a waiver of, any of the defendant's rights in this, or the state court, proceeding. While it may be that at some point a deposit of funds, or federal resolution of the merits, will be appropriate, at present there remain open questions as to the amount of any such deposit, whether Sun Life has demonstrated the necessary "adverse claims" with respect to certain of the annuities, and ultimately whether this Court should exercise jurisdiction under the interpleader statute. Unfortunately, because Sun Life did not make the deposit at the time it commenced these proceedings, it has placed this defendant at risk of being confronted later with claims of "raise or waive," or of having to present her positions either twice, or on an undeveloped record, or have an impact on the state proceeding. Moreover, no prejudice will result to Sun Life by such deferral as it has identified and served all of the individuals in the finite universe of what it perceives to be the potential "adverse claimants," and has waited until five months after it started this action to first move to make the required deposit.

A District Court has jurisdiction over a statutory interpleader action if: (1) the stakeholder has possession or custody of money or property, or is obligated, in the amount of $500.00 or more; (2) two or more adverse claimants, of diverse citizenship, claim or may claim entitlement to such money, property or obligation; and (3) the stakeholder has deposited the disputed property or money into the registry of the court, or posted a bond therefore. 28 U.S.C. § 1335(a). See also: *Star Insurance Co. v. Cedar Valley Express, LLC,* 273 F.Supp.2d 38, 41 (D.D.C 2002). The party seeking to obtain relief under the interpleader statute has the burden of demonstrating that the statutory requirements are satisfied and that they are entitled to such relief. *Id* at 41. See also: *Viqueira v. First Bank,* 140 F.3d 12, 16 (1st Cir. 1998) (Plaintiff must carry burden of demonstrating the existence of federal jurisdiction.)

Federal interpleader relief is an equitable remedy. A court my decline to grant, or stay consideration of, interpleader relief based on general equitable principles, notwithstanding that the criteria of 28 U.S.C. § 1335(a) are satisfied. *United States Fire Insurance Co. v. Asbestospray, Inc., et al.,* 182 F.3d 201, 208 (3rd Cir. 1999); Home *Indemnity Co. v. Moore,* 499 F.2d 1202, 1205-1206 (8th Cir. 1974). Thus, for example, the existence of prior state court proceedings that may obviate the need for the equitable remedy of interpleader, *Id*, the availability of adequate remedies elsewhere, *Commerce Industry Insurance Co. v. Cablewave Limited*, 412 F.Supp. 204 (S.D.N.Y. 1976), whether the stakeholder has waited too long to start an interpleader action, *United States Fire Insurance Co. v. Asbestospray, Inc., et al.,* supra, and whether federal adjudication will disrupt ongoing state court proceedings, *Equitable Life Assurance Society of the United States v. Porter-Englehart*, 867 F.2d 79, 83 (1st Cir. 1989), are all matters for

consideration in determining whether to exercise jurisdiction when confronted with an interpleader action. Interpleader relief is not "a mere convenience for a stakeholder, exercisable at whim." *Id* at 89.

At the time that Sun Life started this action, it knew that an action was already pending in the Providence County Superior Court that involved, in part, certain of the annuity contracts identified in its extant Complaint. It also knew that the defendants upon whom it relies to establish statutory interpleader diversity jurisdiction in this Court are parties in the state court proceedings (Complaint at ¶¶ 5-7, 17), and that the merits of any "adverse claims" will be determined by state law. Sun Life has offered no explanation of if, or why, interpleader, or some other appropriate filing, within the pending state court proceedings would not provide an adequate alternative remedy without disruption of those ongoing proceedings, or causing the defendant to litigate in two different forums. Pursuant to the full, faith and credit federal courts allow valid state court proceedings, the threat of multiple or vexatious litigation and risk is usually eliminated. *Home Indemnity Co. v. Moore,* supra, 499 F.2d at 1205-1206.

The deposit with the Court of the amount claimed as in dispute, or a bond for that amount, "is a prerequisite for obtaining jurisdiction over an interpleader action." *In re the Sinking of the M/V Ukola,* 806 F.2d 1, 5 (1st Cir. 1986); *Metropolitan Property and Casualty Insurance Co. v. Shan Trac, Inc.,* 324 F.3d 20 (1st Cir. 2003); and *Issacs v. Walmac Co.,* 15 F.R.D. 341, 343 (D.R.I. 1954). At the time the Complaint was filed, the aggregate value of the annuity contracts identified therein was readily capable of mathematical computation. (Complaint at ¶¶ 24, 28, 32, 36, 41, 45, 49). See also*: Sun Life's Memorandum in Support of Motion to Deposit Proceeds of Annuity Contracts into*

*Court*, at 3. Although it calculated its obligations before commencing these proceedings, Sun Life did not deposit "the amount due under such obligation[s] into the registry of the court***," as required by 28 U.S.C. § 1335(a)(2). Instead, five months later it now seeks to first deposit the fund to which adverse claims are allegedly made. Compare: *Equitable Life Assurance Society of U.S. v. Porter-Englehart, supra* (Contemporaneous with the start of suit, Plaintiff deposited the funds into the court's registry). While there is some support for the proposition that a court can exercise provisional or conditional jurisdiction pending cure and full compliance with the statutory requirements, whether to allow such a cure is directed to the discretion of the court to be exercised based on the facts and circumstances presented. *Star Insurance Co. v. Cedar Valley Express*, supra 273 F.Supp.2d at 42.

The interpleader statute is also interpreted to require that the stakeholder demonstrate that it "legitimately fears multiple vexation directed against a single fund." *Collins v. Teachers Insurance and Annuity Association of America*, 587 F.Supp. 403, 405 (D.R.I. 1984). Before an insurance company may bring an interpleader action the "adverse claims" must be more than mere speculation. *Id.* The stakeholder "must have real reason to fear double liability or the vexation of conflicting claims." *Metropolitan Property and Casualty Insurance Company v. Shan Trac, Inc.*, supra, 324 F.3d at 23. While not a particularly onerous requirement to meet, the burden is on the stakeholder to establish the jurisdictional requirement of adversity, and a legal impediment to the ability to assert an adverse claim defeats the adversity requirement of the statute. *General Accident Group v. Gagliardi*, 593 F.Supp. 1080 (D.Conn. 1984) ("adverse claims" barred by applicable statute of limitations).

In this case, it appears that Sun Life has scoured the history of the annuities and determined that anyone who was once named as a beneficiary presents or may present "real reason to fear double liability," regardless of the facts that: (a) with the exception of annuities 038 and 074 that are subject to state court proceedings, Sun Life does not assert that anyone has made a claim, or unequivocally expressed an intent to make a claim, to the annuities prior to filing its Complaint; (b) the "adverse claimants" had no contractual or other obligations owed to them by Frederick A. Gonya that implicates the annuities; (c) none of the "adverse claimants" was a party to, in privity with, or relied upon the transactions between Sun Life and Frederick A. Gonya; (d) defendants' Von Fredrek, Gonya, Robbio and Davenport have no legal right to object to the distribution of the annuities to Carol Kimberly Griggs; and (e) other than bare boned allegations that "Upon information and belief" disputes exist, Sun Life offers no support for the notion that it had real reason to fear double liability prior to filing the Complaint.

A change in the beneficiary of an insurance policy does not automatically create the necessary "adverse claims" between the former and current beneficiary required by the interpleader statute. *cf. John Hancock Mutual Life Insurance Co. v. Beardslee*, 216 F.2d 457 (7th Cir. 1954), cert. denied, 348 U.S. 964, 348 S.Ct, 964 (1955). More is needed. As a matter of the transactions, relationship and policies between Frederick A. Gonya and Sun Life, he was free to designate whomever he chose as the beneficiary of the annuities according to the terms of those annuities. *Acacia Mutual Life Ins. Co. v. Feinberg*, 318 Mass. 246, 61 N.E.2d 122 (Ma. 1945); and *Souza v. Rhode Island Public Transportation Authority, et al*, 1994 WL 930890. Prior to his death, Sun Life acknowledged that he complied with the terms and conditions necessary to effect changes

in beneficiaries. In fact, two of the annuities reflect changes made over ten years ago, coupled with the knowledge for at least six years, and lack of any claim by the former beneficiary to date. (See, for example, contracts 224 and 233; Complaint at ¶¶ 21-23, 25-26; Answer of Griggs at ¶ 26). No claim is made that the change in beneficiary was incomplete or contrary to the procedures for designating and changing beneficiaries. Moreover, this is not a case where an insurance company issued a casualty or liability policy or bond, such as that presented in *Metropolitan Property and Casualty Insurance Company, supra,* or *In re the M/V Ukola, supra,* that could expose Sun Life to direct liability to any of the alleged "adverse claimants" based on the obligations of its insured. No allegation is made that the designation of any former beneficiary was "coupled with an interest" or represented consideration for any obligations owed by Frederick A. Gonya.

Read in the light most favorable to Sun Life, it appears to attempt to bootstrap the allegations of undue influence made in the prior and pending state court proceedings in which Carol Kimberly Griggs is named the defendant. Assuming, *arguendo*, its ability to do so, the difficulties for Sun Life are that: (a) the state court case is predicated on alleged events and conduct that occurred on and after May 15, 1999; (b) any allegation of undue influence is not directed against Sun Life; (c) undue influence is a tort governed by a three year statute of limitations. *Calautti v. Pasquarello*, 2000 WL 1273851 (Mass. Super) (and the cases cited therein).

CONCLUSION

The present motion and response is triggered by the failure of Sun Life to deposit the fund at the time it commenced these proceedings. Due to the present posture of the case, there is a risk that allowance of the deposit at this time may be construed to the detriment of this defendant, either in later proceedings in this Court, or in the state court proceedings. It may well be that Sun Life will, by agreement or otherwise, demonstrate that the requirements for the exercise by this Court of interpleader jurisdiction is proper. It also may well be that ultimately this defendant will have no objection to expeditious and appropriate relief by this Court. However, the defendant respectfully submits that under the present circumstances the Court should either defer decision, or deny the motion to deposit funds without prejudice, pending further proceedings. In the alternative, the defendant requests that if the Court is inclined to allow the deposit, such allowance expressly be without prejudice to, or a waiver of, any of the rights of the defendant in this, or the state court, proceeding.

Carol Kimberly Griggs,
By her Attorney,

Edward L. Gerstein, Esq., #2270
29 Meeting House Lane
Little Compton, RI 02837
Tel: (401) 635-2282
Fax: (401) 635-1612

CERTIFICATION

I hereby certify that a copy of the within Memorandum In Response to Plaintiff's Motion to Deposit Proceeds of Annuity Contracts Into Court was mailed, postage prepaid this 4th day of November, 2005 to:

Joan O. Voster, Esq.
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477

Avram N. Cohen, Esq.
155 South Main St.
Suite 204
Providence, RI 02903

Richard E. Kirby, Esq.
Macktaz, Keefer & Kirby
72 Pine Street
Providence, RI 02903

Edward DiPippo, Esq.
1062 Reservoir Ave.
Cranston, RI 02910