UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SUN LIFE ASSURANCE COMPANY OF CANADA (U.S.)
Plaintiff

v. C.A. No 05-172 ML

IDA CONROY, PAUL S. DAVENPORT, PAUL GONYA, CAROL KIMBERLY GRIGGS a/k/a CAROL KIMBERLY, JEFFERY LUIZ, H. LOCKE MACDONALD, A. MICHAEL MARINO, ROBERT R. NADEAU, ANTHONY J. ROBBIO, Jr., and FREDERICK VON FREDEREK,
Defendants

**Defendant Paul Gonya's Motion to Vacate Default**

This is an interpleader action filed by plaintiff Sun Life to resolve a dispute over the proceeds of certain annuities specified in the complaint. Defendant signed a waiver of service on June 15, 2005, and he received a copy of the complaint, but he failed to answer the complaint in a timely fashion. On or about October 21, 2005, plaintiff requested that defendant be defaulted for failure to file an answer. Thus, on October 24, 2005, the Clerk entered a default against the defendant as requested. There has been no entry of default judgment at this time.

The defendant moves this court, pursuant to *Fed. R. Civ. P.* 55(c), to set aside the default. Defendant sets forth his grounds for this motion in the accompanying Memorandum of Law.

Paul Gonya by his attorney,

Stephen J. Angell #6132
**Law Office of Stephen J. Angell**
155 South Main Street
Providence RI 02903-2963
Tel: 401.276.0066
Fax: 401.276.0022

**Certification**

I hereby certify that on 11/16/05 a true copy of the within Motion to Vacate Default was served on the following counsel of record listed below via first class mail, postage prepaid:

Joan O. Vorster, Esq.
Kristina Allair, Esq.
**Mirick O'Connell**
100 Front Street
Worcester, MA 01608-1477

Richard E. Kirby, Esq.
**Macktaz, Keefer & Kirby**
72 Pine Street
Providence, RI 02903

Edward L. Gerstein, Esq.
29 Meeting House Lane
Little Compton, RI 02837

Edward R. DiPippo, Esq.
1062 Reservoir Ave.
Cranston, RI 02910

Avram N. Cohen, Esq.
155 South Main Street, Suite 304
Providence, RI 02903

[signature]

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SUN LIFE ASSURANCE COMPANY OF CANADA (U.S.)
Plaintiff

v. C.A. No 05-172 ML

IDA CONROY, PAUL S. DAVENPORT, PAUL GONYA, CAROL KIMBERLY GRIGGS a/k/a CAROL KIMBERLY, JEFFERY LUIZ, H. LOCKE MACDONALD, A. MICHAEL MARINO, ROBERT R. NADEAU, ANTHONY J. ROBBIO, Jr., and FREDERICK VON FREDEREK,
Defendants

# Memorandum of Defendant Paul Gonya in Support of his Motion to Vacate Default

## Nature and Status of the Proceedings

Sun Life Assurance Company of Canada (U.S.) (Sun Life) initiated this action on April 25, 2005, by filing a complaint for interpleader (Complaint). The complaint purports to seek a resolution to the dispute between one or more of the defendants, including this defendant, and defendant Carol Kimberly Griggs over the right to receive the proceeds of the annuities identified in the Complaint. The total value of the annuities listed in the complaint is not a sum certain. Instead, the value of the annuities was approximated by the plaintiff and does not, by plaintiff's own admission, include accrued interest. (*See Sun Life's Memorandum in Support of its Motion to Deposit Proceeds of Annuity Contracts Into Court at pgs. 2 and 3).*

This defendant, and others, has filed suit in Providence County Superior Court in the State of Rhode Island, the pendency of which was brought to this Court's attention by way of a notice filed pursuant to U.S. Dist. Ct., D. R.I., R. 31. In that action, the defendant contests that Carol Kimberly Griggs is entitled to the annuity proceeds identified by the plaintiff in this action.

In fact, defendant contends, among other things, that he is entitled to some or all of the proceeds of the annuity contracts and not Ms. Kimberly-Griggs. Thus, there is a dispute between this defendant and Ms. Kimberly-Griggs as to the rightful beneficiary of the annuities and the manner in which the proceeds of those annuities are to be distributed.

This defendant was represented in this action and in the action in Superior Court by Alfred Factor, Esq. The defendant has recently ended his relationship with Mr. Factor, in part, for reasons that form the factual basis of this Motion to Vacate.

In connection with this Complaint, this defendant agreed to sign a waiver of service on May 23, 2005. Thereafter, defendant conveyed that waiver and copy of the Complaint to his attorney and consulted with him. The defendant relied upon advice of counsel, and was impressed with the belief that his attorney was participating in this action with any eye toward protecting defendant's interest.

At or about the time that this defendant's relationship with his attorney broke down, defendant became aware that on or about October 21, 2005, plaintiff requested that defendant be defaulted for failure to file an answer to the Complaint. Thus, on October 24, 2005, the Clerk entered a default against the defendant as requested. At this time there has been no entry of default judgment.

**Argument**

Fed. R. Civ. P. 55(c) authorizes this Court to set aside the default for "good cause." Although each case turns on its own unique facts, the First Circuit has set guidelines that a district court should apply for determining "good cause": 1) whether the default was willful; 2) whether setting it aside would prejudice the adversary; 3) whether a meritorious defense is presented; 4) the nature of the defendant's explanation for the default; 5) the good faith of the

parties; 6) the amount of money involved; and 7) the timing of the motion. Conetta et al. v. National Hair Care Centers, Inc. et al., 186 F.R.D. 262,269 (1st Cir. 1999).

By not filing an answer in this action, it was not the defendant's intention to ignore this lawsuit. Instead, defendant believed that whatever deadlines existed were being managed by his attorney. The defendant knows differently now. Setting aside the default in no way prejudices the plaintiff. The real prejudice of allowing the default to stand and from allowing it to ripen into a default judgment inures to the detriment of the defendant. The plaintiff merely seeks to ride itself of its custodial and fiduciary obligations, borne of its contract with decedent Frederick Gonya, without regard for the dispute between this defendant and Ms. Kimberly- Griggs.

The defendant had a good faith belief that his interest in this action was being protected by his attorney. Knowing now that no answer was filed on his behalf, defendant has undertaken to hire new counsel in this matter and in the State Court action, and the defendant has caused an answer to the complaint to be filed. Furthermore, the total amount of money in issue in this matter, thought not specifically known, is at least $300,000 by the estimates of the plaintiff. It is a substantial sum. Finally, the time of this Motion in no way prejudices the plaintiff in this

matter. There has been no discovery in this matter and the only pleading filed by the plaintiff, subsequent to the complaint, that touches upon the issue of depositing the annuity proceeds is a motion that is scheduled to be heard on December 9, 2005.

Wherefore, this defendant respectfully requests that the default be vacated.

Paul Gonya by his attorney,

Stephen J. Angell #6132
**Law Office of Stephen J. Angell**
155 South Main Street
Providence RI 02903-2963
Tel: 401.276.0066
Fax: 401.276.0022

**Certification**

I hereby certify that on 11/16/05 a true copy of the within Memorandum was served on the following counsel of record listed below via first class mail, postage prepaid:

Joan O. Vorster, Esq.
Kristina Allair, Esq.
**Mirick O'Connell**
100 Front Street
Worcester, MA 01608-1477

Richard E. Kirby, Esq.
**Macktaz, Keefer & Kirby**
72 Pine Street
Providence, RI 02903

Edward L. Gerstein, Esq.
29 Meeting House Lane
Little Compton, RI 02837

Edward R. DiPippo, Esq.
1062 Reservoir Ave.
Cranston, RI 02910

Avram N. Cohen, Esq.
155 South Main Street, Suite 304
Providence, RI 02903