UNITED STATES DISTRICT COURT
District of Rhode Island

Sun Life Assurance Co. of Canada (U.S.)

v. C.A. 05-172 ML

Ida Conroy, Paul S. Davenport, Paul Gonya, Carol Kimberly Griggs, a/k/a Carol Kimberly, Jeffrey Luiz, H. Locke MacDonald, A. Michael Marino, Robert R. Nadeau, Anthony J. Robbio, Jr., and Frederick Von Fredrek

**DEFENDANT CAROL KIMBERLY GRIGGS' OBJECTION TO MOTIONS TO SET ASIDE ENTRY OF DEFAULTS FILED ON BEHALF OF DEFENDANTS NADEAU, GONYA, MARINO, ROBBIO, DAVENPORT AND VON FREDREK**

The defendants Davenport, Gonya, Marino, Nadeau, Robbio and Von Fredrek have moved to vacate the defaults entered against them. The defendant, Carol Kimberly Griggs, objects to the motions to vacate the defaults. The support for this Objection is set forth in the accompanying Memorandum filed contemporaneously herewith.

Wherefore, she moves that the motions to set aside the defaults be denied, the purported answers filed on November 16, 2005 be stricken, and that default judgment enter against these defendants.

Carol Kimberly Griggs,
By her Attorney,

Edward L. Gerstein, Esq., #2270
29 Meeting House Lane
Little Compton, RI 02837
Tel: (401) 635-2282
Fax: (401) 635-1612

CERTIFICATION

I hereby certify that a copy of the within Objection to the motions to vacate the defaults was mailed, postage prepaid this 30 day of November, 2005 to:

Joan O. Voster, Esq.
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477

Avram N. Cohen, Esq.
155 South Main St.
Suite 204
Providence, RI 02903

Richard E. Kirby, Esq.
Macktaz, Keefer & Kirby
72 Pine Street
Providence, RI 02903

Edward DiPippo, Esq.
1062 Reservoir Ave.
Cranston, RI 02910

Stephen J. Angell, Esq.
155 South Main Street
Providence, RI 02903-2963

UNITED STATES DISTRICT COURT
District of Rhode Island

Sun Life Assurance Co. of Canada (U.S.)

v. C.A. 05-172 ML

Ida Conroy, Paul S. Davenport, Paul Gonya, Carol Kimberly Griggs, a/k/a Carol Kimberly, Jeffrey Luiz, H. Locke MacDonald, A. Michael Marino, Robert R. Nadeau, Anthony J. Robbio, Jr., and Frederick Von Fredrek

**DEFENDANT CAROL KIMBERLY GRIGGS' MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO MOTIONS TO SET ASIDE ENTRY OF DEFAULTS FILED ON BEHALF OF DEFENDANTS NADEAU, GONYA, MARINO, ROBBIO, DAVENPORT AND VON FREDREK**

Introduction

Defendants Davenport, Gonya, Marino, Nadeau, Robbio and Von Fredrek (sometimes collectively the "Movants") have moved to set aside the defaults entered against them.[1] Duplicate motions and memoranda are filed on their behalf. [2] Defendant Carol Kimberly Griggs opposes the motions. To conserve resources, this memorandum filed on her behalf addresses the issues raised by each of the Movants.

No legally sufficient factual predicate is presented by affidavit, or otherwise, in support of the motions for relief. Instead, the centerpiece of Movants' effort is the allegation that they were formerly represented in these proceedings by Attorney Alfred Factor, and relied upon him to protect their interests and manage this litigation on their

[1] Default also entered against the defendant Luiz. He has not moved to set aside the default and, upon information and belief, has notified Sun Life that he does not assert an interest in the annuity as alleged.

[2] The Movants are represented by the same attorney. The only distinguishing characteristic set forth in their papers is the reference to the date on which they received the Complaint and a "Waiver of Service of Summons," or were served with a Summons and the Complaint. (Movants' Memoranda at 2).

behalf. (Movants Memoranda at 2, 3). In a rather amorphous and non-committal fashion, Movants suggest that the failures of attorney Factor caused the defaults.

The effort to set aside the defaults must fail for three reasons. First, Mr. Factor expressly denies that: (a) he was engaged, or otherwise agreed, to represent any of the Movants in these proceedings; (b) any Movants provided him with a copy of the Complaint filed by Sun Life, or other court papers; (c) he provided any Movants with any advice concerning this matter; and (d) he was contacted by Robbio, Nadeau, Von Fredrek or Davenport with respect to these proceedings. Moreover, he affirmatively states that: (a) he informed movant Gonya that he was not engaged to represent Gonya's interests in these proceedings, and had not received the Complaint or any other court papers from Gonya or any other Movants; and (b) as of the execution of his affidavit on November 23, 2005, (attached as Exhibit A) he has had no communications with Attorney Angell (present counsel for the Movants) concerning the matters set forth in the memoranda filed in support of the motions to set aside the defaults. Second, assuming *arguendo* the truth of the assertions concerning attorney Factor, the law in this Circuit is clear that the alleged failures of chosen counsel are insufficient to set aside a default. Finally, Movants have failed to satisfy their burden with respect to any of the factors customarily considered by a district court in deciding whether to set aside a default.

<u>Background and Proceedings</u>

On April 25, 2005, Sun Life Assurance Company of Canada (U.S.) ("Sun Life") commenced this statutory interpleader action alleging that seven annuity contracts issued by Sun Life are subject to adverse claims. A copy of the Complaint and "Waiver of Service of Summons" (the "waiver") was served on Movants Gonya, Davenport, Robbio

and Nadeau on May 11, 2005, and Marino on May 27, 2005. Each executed and returned the waiver to counsel for Sun Life, thereby expressly acknowledging receipt of the Complaint and waiving service by summons. By signing the waiver each affirmed, "I understand that a judgment may be entered against me *** if an answer or motion under Rule 12 is not served *** within 60 days after [the date of service]***." Von Fredrek was personally served with a summons and complaint on July 25, 2005. The summons clearly stated its warning that he was required to serve an answer upon plaintiff's attorney "within 20 days after service of this summons [and that] If you fail to do so, <u>judgment by default will be taken against you</u> for the relief demanded in the complaint" (emphasis supplied). [3] The answers of Gonya, Davenport, Robbio and Nadeau were due on or before July 11, 2005; Marino's answer was due on or before July 26, 2005, and Von Fredrek's was due on or before August 15, 2005.

On August 8, 2005, counsel for Sun Life caused to be filed, *inter alia*, the executed Waivers of Service of Summons and the Return of Service for Von Fredrek and provided copies of the correspondence and documents directly to the Movants (See Exhibit B) .[4] By this time, the answers of Davenport, Gonya, Marino, Nadeau, Robbio were already overdue. The communication from Sun Life should have triggered a realization that Movants had failed to timely file an answer or comply with Fed.R.Civ.P. 12, or at least a duty to inquire whether they had. Moreover, as Exhibit B makes clear,

[3] Upon information and belief, Von Fredrek was served with the complaint and Waiver of Service By Summons or about May 11, 2005, but did not return the waiver.

[4] The documents filed are reflected on the Court docket at entries 4-13.

no copy was sent to Mr. Factor. This omission would have alerted a reasonable person that Sun Life had no notice of Movants' purported representation by Mr. Factor. [5]

On September 28, 2005, Mr. Factor served each Movant with a motion to withdraw as counsel in the related state court proceedings (See Exhibit C). Appended thereto was his affidavit stating that his withdrawal was necessary because "there are irreconcilable differences between our clients and ourselves and therefore, we cannot continue to zealously represent them." [6] On September 30, 2005, Sun Life served a motion and memorandum to deposit with the Court the proceeds of the annuity contracts identified in the Complaint. Although Movants had failed to answer or otherwise appear in these proceedings, copies of Sun Life's pleadings were served upon them, without any reference, or copy, to Mr. Factor.[7] On October 21, 2005, Sun Life moved for entries of default, again with notice to Movants, and again without any reference, or copy, to Mr. Factor.

Defaults entered on October 24, 2005, more than 5 months after the Movants were first served with the complaint and 3 ½ months after answers were due. From the time they first received the Complaint until the defaults entered, and thereafter, Movants were notified and aware of the ongoing nature of these proceedings, that Sun Life was not in communication with Mr. Factor, and of the conspicuous absence of his name from any service certifications or mailing lists. A reasonable person believing that he was represented by Mr. Factor would have made inquiry as to why he was not considered a

---

[5] Upon information and belief, Sun Life has received no communications from Mr. Factor since it commenced these proceedings.

[6] The motion was heard and allowed by the Providence County Superior Court on October 12, 2005.

[7] Sun Life's motion and memorandum, together with its certification is reflected on the Court docket as entry 21.

participating attorney in these proceedings. That Mr. Factor was not representing Movants in this case is apparent not only from his own affidavit, but also upon consideration of the objective evidence gleaned from the various filings and correspondence with the Court.

Argument

The Court may set aside an entry of default only "for good cause shown." Fed.R.Civ.P. 55(c). The burden of demonstrating good cause for the removal of a default rests with the Movants. *KPS & Associates, Inc. v. Designs by FMC, Inc.*, 381 F.3d 1, 14 (1st Cir. 2003). Although "good cause" is a somewhat mutable standard, "it is not so elastic as to be devoid of substance." *McKinnon v. Kwong Wah Restaurant*, 83 F.3d 498, 503 (1st Cir. 1996)(quoting *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989). The factors a district court usually considers in determining whether "good cause" is shown are: (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; (7) the timing of the motion [to set aside entry of default]. *KPS & Assocs., supra*, 318 F.3d at 12. A district court may accord dispositive weight to any one of these factors, and may consider other factors, such as an attempt to deceive the court or fabricate cause. *Id.* A plain reading of the Movants' memoranda demonstrates a failure to show "good cause" to set aside the default.

(a) The conduct of the defendants.

Movants' memoranda asserts that each: (a) was represented in this action by Mr. Factor; (b) conveyed a copy of the waiver and complaint to Mr.Factor, and consulted

with him about this case; (c) "relied upon advice of counsel, and was impressed with the belief that his attorney was participating in this action with an eye toward protecting the defendant's interest"; and (e) "had a good faith belief that his interest in this action was being protected by his attorney." (Movants' memoranda at 2,3). To buttress these unsubstantiated assertions, Movants current counsel offers the subjective allegation that Movants' did not intend to ignore this lawsuit. When measured against applicable law and objective facts, the claimed lack of willfulness, explanation for the default and purported good faith crumble of their own weight.

Absent unusual circumstances, courts in this Circuit "have consistently turned a deaf ear to the plea that the sins of the attorney should not be visited upon the client" when the conduct of counsel is blamed for the entry of default or default judgment. *KPS & Assocs., supra*, 318 F.3d at 16. See also: *United States v. The Proceeds of the Sale of 3,888 Pounds of Atlantic Sea Scallops*, 857 F.2d 46, 49 (1st Cir. 1988)( and the cases cited therein). Compare, *Leshore v. County of Worcester*, 945 F.2d 471, 473 (1st Cir. 1991) (Court did not abuse discretion in removing default where the failure to respond was due to the illness of county's attorney).

Here, assuming *arguendo*, the bona fides of Movants' proffered beliefs, they point to (and there are) no facts or circumstances that would remove Mr. Factor's purported failure to take any action whatsoever over a 5 month period from the scope of the general rule, and cause a "deaf ear" to suddenly mistake silence for a symphony. Moreover, the objective facts belie any contention that Movants are blameless concerning the entry of defaults.

Each Movant was personally served with the Complaint and warned that the failure to answer would result in default. Each Movant was also informed that his answer was due months before defaults entered, and each was continually informed of the on-going nature of these proceedings. Correspondence with the Court and motions were served directly upon each of them, and each knew from his experience in the related state court proceedings that counsel does not communicate directly with an opposing party who is represented by counsel. It is impossible to accept Movants' purported belief that Mr. Factor was managing this litigation on their behalf when there was no communication between Sun Life and Mr. Factor; instead the communication was between Sun Life and each Movant. The absence of any such communication, in conjunction with the direct communication between Sun Life and the Movants without notice to Mr. Factor, would for any reasonable person trigger at least a duty to inquire. Each Movant was certainly capable of making inquiry of Sun Life, or Mr. Factor, concerning their status in these proceedings.

Where litigants have knowledge of the proceedings and filing deadlines and simply ignore those proceedings and deadlines until after default has entered, courts generally do not set aside defaults or default judgments. *Conetta v. National Hair Care Centers, Inc.*, 186 F.R.D. 262, 269 (D.R.I. 1999)(Courts can find a lack of "good cause" based on the negligence of a party litigant); *Bond Leather Co., Inc. v. Q.T. Shoe Mfg. Co., Inc*, 764 F.2d 928, 938 (1st Cir. 1985)(where party litigant is served with process and notified of on going proceedings during the course of litigation, district court properly rejected motion to set aside default judgment); and *KPS & Assocs., supra*, 318 F.3d at 20 (Inconsistencies and implausibilities support finding of lack of "good cause.").

Aside from the facts that the purported failures of chosen counsel provide no basis for the requested relief, and that the objective evidence belies Movants' naked assertions, Mr. Factor unequivocally denies those assertions. His affidavit is crystal clear:

> 4. I was never contacted by the defendants Robbio, Nadeau, Von Fredrek, or Davenport concerning these proceedings. They did not request that I represent them or otherwise consult with me, and I did not provide them any advice concerning these proceedings.
>
> 5. Michael Marino did not give me any court documents concerning this matter, and I did not provide him any advice concerning this matter in the federal court.
>
> 6. I was never retained and did not agree to represent the defendant Paul Gonya in this matter in the federal court. I have never received from him, or anyone on his behalf, any court documents concerning this matter in the federal court. I advised Mr. Gonya in writing on July 13, 2005 and July 26, 2005 that I was not engaged to represent him in these federal proceeding, and had not received any court documents from him or anyone else in this matter in the federal court. I did not otherwise agree, or represent, that I would protect his interests, or take any steps on his behalf in this matter in the federal court. Mr. Gonya did not consult with me, nor did I give him any advice, concerning this matter in the federal court.

Mr. Factor's affidavit requires that Movants assertions be treated as suspect. When a court has good reason to believe a party moving to set aside a default has engaged in fabrication or deception in furtherance of those efforts, a district court can and should refuse to set aside the default. *KPS Associates, Inc., supra,*. 318 F.3d at 15 (citing *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1119 (1st Cir. 1989).

In sum, a reasonable objective analysis amply demonstrates that Movants' conduct was willful, their proffered explanation porous, and their purported "good faith" dubious. The affidavit of attorney Factor suggests even more.

(b) Movants have failed to show a meritorious defense.

The only suggestion of a meritorious defense is Movants' passing reference to the related state court proceedings and assertion "In that action, [each] defendant contests that Carol Kimberly Griggs is entitled to the annuity proceeds identified by the plaintiff in this action." (Movants memoranda at 1). This statement is both inaccurate, and simply not evidence of a meritorious defense.

In the state court proceedings, Gonya and Von Fredrek do not claim any interest in any Sun Life annuity. Rather, they claim an inheritance interest in certain real estate conveyed to Carol Kimberly Griggs by her father shortly before his death. Robbio claims an interest in an annuity issued by Cova Life Insurance Company, not any Sun Life annuity, and the defendant Davenport apparently does not appear of record on any Sun Life annuity listed in the instant Complaint.

(c) Movants have failed to demonstrate the absence of prejudice

Movants baldly state that the timing of the motion "in no way prejudices the plaintiff," ignoring the interests of this Court, the defendant Griggs, and the nature of interpleader actions. A default may stand "even when there has been no showing of substantial prejudice to the party benefiting from the default. A district court simply may insist upon compliance with its local rules." *United States, supra,* 857 F.2d at 49 (citing *Corey and Mast Road Grain and Bldg. Materials Co.*, 738 F.2d 11, 12 (1st Cir. 1984). The concept of default "plays a constructive role in maintaining the orderly and efficient administration of justice *** furnishes an invaluable incentive for parties to comply with court orders and rules of procedure [and] encourages expeditious resolution of litigation and promotes finality." *KPS & Associates, Inc., supra,* 318 F.3d at 13. In an interpleader

action these concerns are particularly significant because a default of interpleader defendants expedites conclusion of the interpleader action by obviating the second stage of the proceedings. *New York Life Ins. Co. v. Connecticut Dev. Authority*, 700 F.2d 91, 95 & n. 6 (2nd Cir. 1983); *Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984); *General Accident Group v. Gagliardi*, 593 F. Supp. 1080, 1089 (D.Conn. 1984).

(d) The timing of the motions and amounts involved.

The motions to set aside the defaults are filed 6 months after Movants first received notice of these proceedings, 4 months after answers were due, 2 months after they received notice of a substantive motion filed by the plaintiff, and 2 months after they received notice from Mr. Factor in the state court proceedings that he could no longer represent them. In addition, the motions are filed only after the defendant Griggs has filed her response to the substantive motion of Sun Life, a response that was based, in part, on the defaults, and only after the Court scheduled hearing on the issues. No explanation, other than the attempt to fault Mr. Factor is offered for this delay.

Movants also seek to include in the "amounts involved" proceeds to which they do not lay claim, and present a curious and conflict-ridden group if, in fact, each Movant is claiming entitlement to the total value of all of the annuities identified by Sun Life. However, a review of the amounts of each specific annuity reveals that failure to set aside the default will not cause irreparable harm, or work any undue hardship on Movants, nor do they make any such claim.

Conclusion

Accordingly, for each of the foregoing reasons, Movants have failed to prove that "good cause" exists to set aside the entries of default, and their motions should be denied.

Carol Kimberly Griggs,
By her Attorney,

Edward L. Gerstein, Esq., #2270
29 Meeting House Lane
Little Compton, RI 02837
Tel: (401) 635-2282
Fax: (401) 635-1612

CERTIFICATION

I hereby certify that a copy of the within Memorandum in Support of Objection to Motions to Set Aside the defaults was mailed, postage prepaid this 30 day of November, 2005 to:

Joan O. Voster, Esq.
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477

Avram N. Cohen, Esq.
155 South Main St.
Suite 204
Providence, RI 02903

Richard E. Kirby, Esq.
Macktaz, Keefer & Kirby
72 Pine Street
Providence, RI 02903

Edward DiPippo, Esq.
1062 Reservoir Ave.
Cranston, RI 02910

Stephen J. Angell, Esq.
155 South Main Street
Providence, RI 02903-2963