UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA, (U.S.)<br>Plaintiff<br><br>V.<br><br>IDA CONROY, PAUL S. DAVENPORT, PAUL GONYA, CAROL KIMBERLY GRIGGS a/k/a CAROL KIMBERLY, JEFFREY LUIZ, H. LOCKE MACDONALD, A. MICHAEL MARINO, ROBERT R. NADEAU, ANTHONY J. ROBBIO, JR, and FREDERICK VON FREDREK,<br>Defendants | CIVIL ACTION NO. 05-172-ML |

**PLAINTIFF'S REPLY TO DEFENDANT, CAROL KIMBERLY GRIGGS' RESPONSE TO PLAINTIFF'S MOTION TO DEPOSIT PROCEEDS INTO COURT**

Pursuant to Local Rule 12(a) and Amended General Order 2002-01, Sun Life files this reply brief in response to Ms. Griggs' opposition to Sun Life's Motion to Deposit Proceeds.

**ARGUMENT**

1. The U.S. District Court Has Jurisdiction Over This Interpleader Action.

The defendant, Carol Kimberly Griggs, claims in her opposition that this Court does not have jurisdiction over the claim. This is simply not true. An interpleader action may be brought in federal court pursuant to two different, yet overlapping, procedures. Sun Life cited both in its complaint as statutory grounds for this action. "Rule Interpleader" is governed by Fed. R. Civ. P. 22, which states in part: persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be

exposed to double or multiple liability. The remedy herein provided is in addition to, and in no way supercedes or limits, the remedy provided by Title 28 U.S.C. §§1335, 1397 and 2361. "Statutory Interpleader" is governed by 28 U.S.C. §§1335, 1397 and 2361. 28 U.S.C. §1335 provides in part that the District Court "shall have original jurisdiction of any civil action of interpleader filed by any person having in its custody or possession money or property of the value of $500.00 or more if two or more adverse claimants, of diverse citizenship claim or may claim to be entitled to such money or property."

Subject matter jurisdiction under statutory and rule interpleader differ. Under statutory interpleader, the value of the property at stake need only be $500.00 and diversity of citizenship need exist only between any two of the adverse claimants. New Jersey Sports Productions, Inc. v. Don King Productions, Inc., et al, 15 F.Supp.2d 534 (D.N.J. 1998). In rule interpleader, jurisdiction must be based on the general statutes governing federal court jurisdiction, i.e. federal question or diversity of citizenship. Thus, if a stakeholder asserts jurisdiction pursuant to 28 U.S.C. §1332, complete diversity must exist between the plaintiff stakeholder and the defendant claimants, and the amount in controversy must exceed $75,000.00. Id.

Ms. Griggs claims that if the defaulted defendants are removed from this litigation that this Court no longer has jurisdiction over this case because all of the existing defendants reside in Rhode Island. This argument lacks merit. First of all, these defendants have filed motions to vacate the defaults which Sun Life has not opposed. Secondly, while diversity between two claimants is required for statutory interpleader, under rule interpleader if the amount at stake exceeds $75,000.00 the court has diversity jurisdiction if there is a complete diversity between the plaintiffs and the defendants. Sun Life is a Delaware corporation with its principal place of business in Massachusetts. None of the named defendants are residents of Delaware or

Massachusetts. The amount in controversy well exceeds the $75,000.00 requirement. Therefore, even if this Court were to enter judgment against the defendants currently in default, it would still have diversity jurisdiction under the requirements of rule interpleader.

Ms. Griggs also argues that jurisdiction is not conferred upon the United States District Court until the plaintiff has deposited the disputed money into the Registry of the Court. Depositing the funds into the court is clearly a requirement for jurisdiction, however, a court will generally give a stakeholder an opportunity to do so. General Accident Group v. Gagliardi, 593 F.Supp. 1080, 1085 (D. Conn. 1984). Which is exactly what Sun Life is trying to do. While a refusal or a failure to deposit funds may be grounds for a motion to dismiss, it is certainly not grounds to deny a stakeholders request for permission to deposit the funds.

Finally, Ms. Griggs argues that this Court does not have jurisdiction due to a related state court proceeding. The existence of a related state court proceeding does not stop this court from asserting jurisdiction over this case. A court may dismiss or stay an interpleader if an action already pending before another court might obviate the need for employing the interpleader remedy or eliminate the threat of multiple vexation. New Jersey Sports Productions, Inc., 15 F.Supp.2d 534 at 542. However, where the disputed issues are not likely to be resolved by the state court proceedings, there is no need for the court to dismiss or stay the interpleader action. Id. The currently pending state court action only involves some of the named defendants in this case. In addition, according to Ms. Griggs the state court action only involves two of the seven specified annuity contracts. Therefore, resolution of the state court action would not resolve all of the claims currently pending before this court. Moreover, even if this Court were to find that the state court action could potentially resolve the issues pending here it is entirely proper for it

to stay this interpleader proceeding as opposed to dismiss it pending resolution of the state court matter.

2. There Can Be No Doubt That This Is An Adverse Claim.

Ms. Griggs argues that this Court should deny Sun Life's motion to deposit the funds because there is no legitimate adverse claim on some of the Contracts because Sun Life did not receive written objections from all of the defendants. This argument is unfounded. Sun Life's records reflect that the beneficiaries of the annuity contracts at issue were changed to the defendant, Carol Kimberly Griggs, as a result of a change of beneficiary form executed on August 16, 1999.[1] In the fall of 1999, shortly after Frederick Gonya's death, Sun Life received letters from some of the defendants claiming that Ms. Griggs exercised undue influence over the decedent, Frederick Gonya, in executing the change of beneficiary forms on August 16, 1999. As a result of these allegations, Sun Life immediately put all of Mr. Gonya's annuity contracts for which the beneficiary was changed to Carol Kimberly Griggs under restriction.

It is disingenuous to argue that simply because some of the prior beneficiaries did not send in a written objection that Sun Life was not aware of a potential adverse claim on these annuity contracts. Both statutory and rule interpleader allow for a plaintiff to interplead funds where a claimant has made or may make a claim against the funds exposing the plaintiff to liability. See Fed. R. Civ. P. 22 and 28 U.S.C. §1335. It was not necessary for every prior beneficiary to send Sun Life a letter making the same allegation. It would be irresponsible and reckless for Sun Life to pay the annuity proceeds to Ms. Griggs on some of these annuities and not others knowing full well that there are allegations that she exercised undue influence in executing the change of beneficiary forms. If Sun Life were to only deposit the proceeds of the

---

[1] With respect to Contract 233, although Sun Life has no change of beneficiary form in its files, in November 2000, Sun Life received correspondence from Ms. Griggs indicating that she claimed to be the beneficiary of this Contract.

specific contracts to which it received an objection and the Court finds that Ms. Griggs exercised undue influence, the remaining beneficiaries would then have a claim against Sun Life for paying those proceeds to Ms. Griggs. The fact that some of these beneficiaries had yet to assert claims is not grounds to argue that Sun Life has not demonstrated the necessary adverse claims.

3. Ms. Griggs Has Failed To Show That She Would Suffer Any Prejudice From Sun Life Depositing The Proceeds Into The Court.

Ms. Griggs argues that she would somehow be prejudiced or waive her rights in the state court proceeding by Sun Life's deposit of proceeds in this Court. However, she has failed to put forth any reason or explanation of how this action could possibly prejudice her in the state court. Sun Life merely seeks permission to deposit the funds in federal court and then be dismissed from this case. No defendant has asserted any claims against Sun Life. Sun Life does not make any claim against this money and merely seeks to have the court determine who is the lawful owner. As such, there is no prejudice to Ms. Griggs. Any prejudice that could result would be to Sun Life if its motion to deposit the proceeds is denied. Sun Life has already remained in this case far longer than it wished to as a result of the defendants failure to respond to the complaint and Sun Life's extending courtesies to Ms. Griggs, in order to extend first her time to respond to the complaint and then her time to respond to the instant motion. If there is any prejudice at all, it is to Sun Life who is incurring the legal fees for this matter when the dispute has nothing to do with it. None of the reasons given by the plaintiff should prohibit Sun Life from being able to deposit the money that it currently holds and be dismissed from the pending case.

SUN LIFE ASSURANCE COMPANY OF CANADA (U.S.),

By its attorneys,

Joan O. Vorster, Esq.
RI # 5784
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax: (508) 791-8502

Richard E. Kirby, Esq.
RI #3780
Macktaz, Keefer & Kirby
The Aldrich Building
72 Pine Street
Providence, RI 02903
Phone: (401) 272-5300
Fax: (401) 331-7454

Dated: 12-07-05

## CERTIFICATE OF SERVICE

I, Joan O. Vorster, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to:

Richard E. Kirby, Esq.
Macktaz, Keefer & Kirby
The Aldrich Building
72 Pine Street
Providence, RI 02903

Avram N. Cohne
155 South Main Street, Suite 204
Providence, RI 02903

Edward R. Dipippo, Esq.
1062 Reservoir Avenue
Cranston, RI 02901

Edward L. Gerstein
29 Meeting House Lane
Little Compton, RI 02837

Stephen J. Angell
Law Offices of Stephen J. Angell
155 South Main St., Ste 203
Providence, RI 02903

Jeffrey Luiz
7 Tobin Lane
Bristol, RI 02809-1525

Joan O. Vorster
Joan O. Vorster, Esq.

Dated: 12-01-05