UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SUN LIFE ASSURANCE COMPANY    :
OF CANADA, (U.S.),             :
               Plaintiff,     :
                            :
       v.                :      CA 05-172 S
                            :
IDA CONROY, PAUL S. DAVENPORT,  :
PAUL GONYA, CAROL KIMBERLY GRIGGS :
a/k/a CAROL KIMBERLY, JEFFREY    :
LUIZ, H. LOCKE MACDONALD,       :
A. MICHAEL MARINO, ROBERT R.     :
NADEAU, ANTHONY J. ROBBIO, JR,   :
and FREDERICK VON FREDREK,[1]    :
              Defendants.   :

**MEMORANDUM AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO DEPOSIT PROCEEDS**
**AND DENYING MOTIONS TO VACATE DEFAULT**

Before the court are seven motions:

1. Plaintiff's, Sun Life Assurance Company of Canada, (U.S.) Motion to Deposit Proceeds into Court (Document ("Doc.") #21) ("Motion to Deposit Proceeds");

2. Defendant Paul S. Davenport's Motion to Vacate Default (Doc. #41);

3. Defendant Paul Gonya's Motion to Vacate Default (Doc. #56);

4. Defendant A. Michael Marino's Motion to Vacate Default (Doc. #53);

_____

[1] The spelling of Defendant Frederick Von Fredrek's name is reproduced as it appears in the Complaint. A different spelling, "Von Frederek," appears in the caption of his answer (Document ("Doc.") #45) and in the caption of his motion to vacate default (Doc. #44). A third spelling appears in the title and signatory paragraph of these latter two documents: "Von Frederick." Answer of Defendant Frederick Von Frederick at 1, 6; Defendant Frederick Von Frederick's Motion to Vacate Default at 1. Unless citing to or quoting from the latter documents, the court uses the spelling which appears in the Complaint.

        5.  Defendant Anthony J. Robbio's Motion to Vacate Default
(Doc. #47);

        6.  Defendant Robert R. Nadeau's Motion to Vacate Default
(Doc. #50);

        7.  Defendant Frederick Von Frederick's Motion to Vacate
Default (Doc. #44).

    The court refers collectively to the above motions as the
"Motions."  It refers to motions 2 through 7 as the "Motions to
Vacate" and to the Defendants seeking to vacate the defaults as
the "Moving Defendants."

**The Hearing**

    A hearing on the Motions was held on January 6, 2006.
Shortly after it commenced, counsel for Plaintiff orally moved to
amend the Motion to Deposit Proceeds so that it sought an Order
permitting Plaintiff to deposit the proceeds of five (and not
seven) annuity contracts with the Clerk of the Court until
resolution of the litigation.  The two annuity contracts to be
excluded by the oral motion are numbered 056 and 065 which are
referenced respectively in ¶¶ 33-36 and ¶¶ 37-41 of the
Complaint.  No party voiced an objection to the oral amendment,
and it was allowed by the court.  Thereafter, the court listened
to argument on the Motions and took them under advisement.

**Motion to Deposit Proceeds**

    The only party who filed a response to the Motion to Deposit
Proceeds is Defendant Carol Kimberly Griggs ("Defendant Griggs").
In her response, Defendant Griggs urged the court to: (a) defer
consideration of the motion, (b) deny it without prejudice, or
(c) allow the motion expressly without prejudice to any of the
rights of Defendant Griggs.  Response of Defendant Griggs to
Plaintiff's Motion to Deposit Proceeds of Annuity Contracts into
Court (Doc. #39) ("Griggs' Response Mem.").  However, at the
hearing, her counsel stated that she did not object to the

2

granting of the Motion to Deposit Proceeds if the court
determined that the Motions to Vacate should be denied.  As
explained in the following section, the court has now made that
determination.  Thus, no party objects to the Motion to Deposit
Proceeds.  The court sees no reason why it should not be granted.
Accordingly, the Motion to Deposit Proceeds, as orally amended at
the January 6, 2006, hearing, is hereby GRANTED.[2]  Plaintiff
shall be permitted to deposit the proceeds of the five annuity
contracts, with a value as of January 10, 2006, of $273,457.64,
with the court.

### Motions to Vacate

Fed. R. Civ. P. 55(c) provides that for good cause shown the
court may set aside an entry of default.  KPS & Assocs., Inc. v.
Designs by FMC, Inc., 318 F.3d 1, 12 (1st Cir. 2003); McKinnon v.
Kwong Wah Rest., 83 F.3d 498, 502 (1st Cir. 1996).  The burden of
demonstrating good cause for the removal of a default rests with
the party seeking the relief.  See KPS & Assocs., Inc. v. Designs
by FMC, Inc., 318 F.3d at 14.  Good cause is a mutable standard,
varying from situation to situation, but it is not so elastic as
to be devoid of substance.  McKinnon v. Kwong Wah Rest., 83 F.3d
498 at 503.  There is no precise formula for making this

---

[2] The court is cognizant that there are on-going state
proceedings which may affect two of the annuity contracts, numbered
038 and 074, which are the subject of this action.  See Memorandum of
Defendant Griggs in Support of Response to Plaintiff's Motion to
Deposit Proceeds of Annuity Contracts into Court ("Griggs' Response
Mem.") at 2 (so stating).  As this court does not wish to disrupt
those proceedings, any interested party may file a motion seeking a
stay of further proceedings in this matter.  See Home Indem. Co. v.
Moore, 499 F.2d 1202, 1206 (8th Cir. 1974)("[A] court may dismiss or
stay an interpleader proceeding if an action already pending before
another court might obviate the need for employing the interpleader
remedy or eliminate the threat of multiple vexation."); cf. Equitable
Life Assurance Soc'y of the United States v. Porter-Englehart, 867
F.2d 79, 83 (1st Cir. 1989)(noting that "federal courts should dismiss
interpleader actions when federal adjudication would disrupt ongoing
state proceedings-a concept with which we can readily agree.").

3

determination. <u>KPS & Assocs., Inc. v. Designs by FMC, Inc.</u>, 318 F.3d at 12; <u>McKinnon v. Kwong Wah Rest.</u>, 83 F.3d at 503. Each case necessarily turns on its own unique circumstances. <u>Id.</u> However, the First Circuit has identified seven factors which should be considered in determining whether good cause has been shown. <u>Id.</u> The seven factors are: "(1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; 6) the amount of money involved; (7) the timing of the motion [to set aside entry of default]." <u>KPS & Assocs., Inc. v. Designs by FMC, Inc.</u>, 318 F.3d at 12 (quoting <u>McKinnon v. Kwong Wah Rest.</u>, 83 F.3d at 503)(alteration in original).

**_Willfulness_**

The record indicates that five of the Moving Defendants, Robbio, Davenport, Gonya, Marino, and Nadeau, signed a waiver of service of process in this matter. The waivers contained the following statements:

> I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after _____[3], or within 90 days after that date if the request was sent outside the United States.
>
> ....
>
> A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the Court. If the answer or motion is not served within this time, a default judgment may be taken

---

[3] The date which appears in this space on the Waiver of Service of Summons is "5/11/05" for Defendants Robbio, Davenport, Gonya, and Nadeau, <u>see</u> Doc. #6; Doc. #9; Doc. #10; Doc. #13, and "5/27/05" for Defendant Marino, <u>see</u> Doc. #12.

against that defendant.

Waiver of Service of Summons (Doc. #6 (Robbio Waiver); Doc. #9 (Davenport Waiver); Doc. #10 (Gonaya Waiver); Doc. #12 (Marino Waiver); Doc. #13 (Nadeau Waiver)).

Defendant Von Fredrek was personally served with a summons and a copy of the Complaint on July 25, 2005.  See Doc. #5 at 2 (Return of Service).  The Summons stated that he was:

> required to serve upon PLAINTIFF'S ATTORNEY ... an answer to the complaint which is herewith served upon you, within twenty days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Summons (Doc. #5).

Plaintiff filed a request to default the Moving Defendants on October 24, 2005.  See Request for Default of Defendant, Paul S. Davenport (Doc. #24); Request for Default of Defendant, Frederick Von Fredrek (Doc. #25); Request for Default of Defendant, Anthony J. Robbio, Jr. (Doc. #26); Request for Default of Defendant, Robert R. Nadeau (Doc. #27); Request for Default of Defendant, A. Michael Marino (Doc. #28); Request for Default of Defendant, Paul Gonya (Doc. #30).  A copy of each request was sent to each Moving Defendant.  See id.  The Clerk entered default against the Moving Defendants on that same day.  See Docket; see also Doc. #31; Doc. #32; Doc. #33; Doc. #34; Doc. #35; Doc. #37.

On November 16, 2005, the Moving Defendants filed the instant Motions to Vacate and answered the Complaint.  See Docket.  Thus, the answers for Defendants Davenport, Gonya, Marino, Nadeau, and Robbio were filed more than four months after they were due.  Defendant Von Fredrek's answer was filed more than three months after it was due.  The Motions to Vacate were

5

filed approximately three weeks after default had entered.

While each Moving Defendant has submitted a memorandum in support of his Motion to Vacate, the memoranda are virtually identical, appearing to differ only in stating that Defendant Von Fredrek "was served with a copy of the summons and complaint on July 25, 2005," Memorandum of Defendant Frederick Von Frederick in Support of his Motion to Vacate Default at 2, and that the other five Moving Defendants agreed to sign a waiver of service on various dates in May and June of 2005, see Memorandum of Defendant Paul S. Davenport in Support of his Motion to Vacate Default at 2 (June 15, 2005); Memorandum of Defendant Paul Gonya in Support of his Motion to Vacate Default at 2 (May 23, 2005); Memorandum of Defendant A. Michael Marino in Support of his Motion to Vacate Default at 2 (May 30, 2005); Memorandum of Defendant Anthony J. Robbio, Jr., in Support of his Motion to Vacate Default at 2 (June 1, 2005); Memorandum of Defendant Robert R. Nadeau in Support of his Motion to Vacate Default at 2 (June 20, 2005). The court refers collectively to the memoranda filed by the Moving Defendants as the "Moving Defendants' Mem."

In their memoranda, the Moving Defendants state that they have filed a suit in the Providence Superior Court contesting, among other things, that Defendant Griggs is entitled to the annuity proceeds identified by the Plaintiff in this action. Moving Defendants' Mem. at 1. The Moving Defendants further state that each of them is entitled some or all of the proceeds of the annuity contracts and not Defendant Griggs. Id. at 2. Most significantly for purposes of resolution of the instant Motions to Vacate, each of the Moving Defendants also states: (1) that he was "represented in this action and in the action in Superior Court by Alfred Factor, Esq.," Moving Defendants' Mem. at 2; (2) that he "recently ended his relationship with Mr. Factor, in part, for reasons that form the factual basis of this

6

Motion to Vacate,"[4] id.; (3) that after either signing a waiver
of service or (in the case of Von Fredrek) being served with a
copy of the summons and complaint he "conveyed that waiver and
copy of the Complaint to his attorney and consulted with him,"
id.; (4) that he "relied upon advice of counsel, and was
impressed with the belief that his attorney was participating in
this action with an eye toward defendant's interest," id.; and
(5) that "[a]t or about the time that [his] relationship with his
attorney broke down, defendant became aware that on or about
October 21, 2005, plaintiff requested that defendant be defaulted
for failure to file an answer to the Complaint," id.

Defendant Griggs, who objects to the Motions to Vacate, has
filed an affidavit from Alfred Factor, Esquire ("Attorney
Factor"), which directly contradicts or casts serious doubt on
the above five statements. See Defendant Carol Kimberly Griggs'
Memorandum of Law in Support of Objection to Motions to Set Aside
Entry of Defaults Filed on Behalf of Defendants Nadeau, Gonya,
Marino, Robbio, Davenport and Von Fredrek ("Griggs' Objection
Mem."), Exhibit ("Ex.") A (Affidavit of Alfred Factor, Esq.)
("Factor Aff."). In his affidavit, Attorney Factor swears that:

> 4. I was never contacted by the defendants Robbio,
> Nadeau, Von Fredrek, or Davenport concerning these
> proceedings. They did not request that I represent them
> or otherwise consult with me, and I did not provide them
> any advice concerning these proceedings.
>
> 5. Michael Marino did not give me any court
> documents concerning this matter, and I did not provide
> him any advice concerning this matter in the federal
> court.

---

[4] On September 28, 2005, Attorney Factor served each Moving
Defendant with a motion to withdraw as counsel in the related state
court action. See Defendant Carol Kimberly Griggs' Memorandum of Law
in Support of Objection to Motions to Set Aside Entry of Defaults
Filed on Behalf of Defendants Nadeau, Gonya, Marino, Robbio, Davenport
and Von Fredrek ("Griggs' Objection Mem."), Ex. C (Motion to Withdraw)
at 2 (Certification).

> 6.   I was never retained and did not agree to represent the defendant Paul Gonya in this matter in the federal court.  I have never received from him, or anyone on his behalf, any court documents concerning this matter in the federal court.  I advised Mr. Gonya in writing on July 13, 2005[,] and July 26, 2005[,] that I was not engaged to represent him in these federal proceeding[s], and had not received any court documents from him or anyone else in this matter in the federal court.  I did not otherwise agree, or represent, that I would protect his interests, or take any steps on his behalf in this matter in the federal court.  Mr. Gonya did not consult with me, nor did I give him any advice, concerning this matter in the federal court.

Factor Aff. ¶¶ 4-6.

Attorney Factor was present at the January 6, 2006, hearing. Prior to excusing him, the court asked counsel for the Moving Defendants if he wished to ask Attorney Factor any questions. Counsel indicated he did not.  The Moving Defendants have not submitted any affidavits to dispute Attorney Factor's statements or otherwise support their claim that they "believed that whatever deadlines existed were being managed by [Attorney Factor]."  Moving Defendants' Mem. at 3.  Given Attorney Factor's affidavit, if the Moving Defendants believed that Attorney Factor was managing the deadlines in this matter which pertained to them, the court is unable to find that such a belief was reasonable.  The Moving Defendants were plainly on notice that they could be defaulted if they failed to answer or otherwise respond to the Complaint within the time specified in the notices which they received.  Consequently, the court finds that their default was willful.

**Good Faith**

The court is unable to find that the Moving Parties have acted in good faith.  The arguments they have presented in the Moving Defendants' Mem. are either contradicted or seriously undermined by the facts to which Attorney Factor attests in his

8

affidavit.   The court draws an adverse inference from the failure
of the Moving Defendants to support their arguments with
affidavits or to challenge Attorney Factor's sworn statement with
their own sworn statements.   The court also draws an adverse
inference from the fact that they declined the opportunity to
question Attorney Factor at the hearing.

### *Meritorious Defense*

None of the Moving Defendants has demonstrated that he has a
meritorious defense, or in this case a meritorious claim to the
funds which Plaintiff seeks to deposit.   Although vacating the
default would not prejudice Plaintiff, the court agrees that it
would prejudice Defendant Griggs as she has been seeking an
expeditious resolution of the dispute over her right to these
funds and granting the Motions to Vacate would further delay
resolution of this dispute.   In addition, "a default judgment may
stand even when there has been no showing of substantial
prejudice to the party benefiting from the default.   A district
court simply may insist upon compliance with its local rules."
United States v. The Proceeds of Sale of 3,888 Pounds of Atlantic
Sea Scallops, 857 F.2d 46, 49 (1st Cir. 1988).   If a default
judgment may so stand, there appears to be no reason why a
default may not similarly stand as the concept of default has
benefits which inure to the benefit of the judicial system.
Default:

> "provide[s] a useful remedy when a litigant is confronted
> by an obstructionist adversary," and "play[s] a
> constructive role in maintaining the orderly and
> efficient administration of justice." Enron Oil Corp. v.
> Diakuhara, 10 F.3d [90,] 96 [(2nd Cir. 1993)].   It
> furnishes an invaluable incentive for parties to comply
> with court orders and rules of procedure.   See
> Fed.R.Civ.P. 37(b)(2)(C).   It encourages the expeditious
> resolution of litigation and promotes finality.   See
> [10A] Wright, Miller & Kane, [Federal Practice and
> Procedure: Civil 3d], § 2693.

9

KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d at 13 (first
and second alterations in original).

**Explanation for Default**

The explanation offered by the Moving Defendants for the
default appears to be that they relied upon Attorney Factor to
handle their interests in this proceedings.  Moving Defendants'
Mem. at 2.  However, the First Circuit, to which this court is
subservient, follows the teachings of the Supreme Court in Link
v. Wabash R.R., 370 U.S. 626, 633-34, 82 S.Ct. 1386, 1390-91, 8
L.Ed.2d 734 (1962), and "'turn[s] a deaf ear' to the claim that
the client should not suffer for the attorney's sins." United
States v. The Proceeds of Sale of 3,888 Pounds of Atlantic Sea
Scallops, 857 F.2d at 49.  Moreover, the Moving Defendants are
vague as to when they became aware that Attorney Factor was not
representing them in this matter.  Moving Defendants' Mem. at 2.
They all imply that this occurred after "on or about October 21,
2005 ...." Id.  Yet, at least as to Defendant Gonya this
contention is untenable given Attorney Factor's statement that he
advised Mr. Gonya in writing on July 13, 2005, and July 26, 2005,
that he was not engaged to represent Defendant Gonya in this
action.  Factor Aff. ¶ 6.  In short, the explanation offered by
the Moving Defendants for their default is not recognized in this
Circuit.  Even if it were, the vagueness of their explanation
renders it unpersuasive.

**Timing of Motions to Vacate**

This same vagueness makes discussion of the timing of the
motions problematic.  While it is certain that the Moving
Defendants filed their Answers and Motions to Vacate on November
16, 2005, it is not clear, except as to Defendant Gonya, when
they learned that Attorney Factor was not representing them in
this matter.  The latter date (or dates) is important for the
court in determining whether the Moving Defendants acted promptly

to remedy the default situation which existed.  In the case of
Defendant Gonya, the court finds that he did not act with
reasonable promptness.  More than four months elapsed between
Defendant Gonya being notified by Attorney Factor that he was not
representing Gonya in this matter and Defendant Gonya filing his
answer and motion to vacate default.  As to the other Moving
Defendants, the court weighs this factor adversely against them
because they have provided insufficient information to allow the
court to fairly evaluate the timing issue.

### Amount of Money Involved

Plaintiff, pursuant to the original Motion to Deposit
Proceeds, sought leave to deposit the proceeds of seven annuity
contracts with a total value as of September 13, 2005, of
$306,761.87.  See Memorandum in Support of Sun Life Assurance
Company of Canada's, (U.S.) Motion to Deposit Proceeds of Annuity
Contracts into Court ("Plaintiff's Mem.") at 2.  As orally
amended, the Motion to Deposit Proceeds sought leave to deposit
the proceeds of five annuity contracts.  The value of those five
annuity contracts as of January 10, 2006, is $273,457.64.

Although the amount of money involved in this proceeding
exceeds $273,000.00, it does not appear that this is the amount
of money involved as to each Moving Defendant.  The Moving
Defendants do not address this factor with any specificity in
their argument.  Indeed, they do not even identify in which of
the annuity contracts they claim an interest.  While they each
claim that they are "entitled to some or all of the proceeds of
the annuity contracts ...,"[5] Moving Defendants' Mem. at 2, the

---

[5] Annuity contracts 038 and 074 form a part of the property at
issue in the state court proceedings.  The Moving Defendants commenced
that action against Defendant Griggs around 1999, alleging that she
exercised undue influence over her father, the late Frederick A.
Gonya, shortly before his death, "causing him, on a date certain, to
designate her as the death beneficiary, inter alia, on [these] two ...
annuity contracts ...."  Griggs' Response Mem. at 2.

11

court views negatively their failure to state more precisely the amount to which each Moving Defendant contends he is entitled. The court declines to weigh this factor in their favor.

**Summary of Factors**

In summary, the court finds that none of the factors weighs in favor of granting the Motions to Vacate.  It further finds that the Moving Defendants' apparent lack of good faith as evidenced by their advancement of arguments which are contradicted or unsupported by the facts weighs heavily against granting their motions.  For these reasons, the court finds that the Moving Defendants have not shown "good cause" as required by Rule 55(c) to set aside the entry of default.

Accordingly, the Motions to Vacate are DENIED.


ENTER:                              BY ORDER:


DAVID L. MARTIN                     Deputy Clerk
United States Magistrate Judge
January 12, 2006