UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA, (U.S.)<br>Plaintiff<br><br>V.<br><br>IDA CONROY, PAUL S. DAVENPORT, PAUL GONYA, CAROL KIMBERLY GRIGGS a/k/a CAROL KIMBERLY, JEFFREY LUIZ, H. LOCKE MACDONALD, A. MICHAEL MARINO, ROBERT R. NADEAU, ANTHONY J. ROBBIO, JR, and FREDERICK VON FREDREK,<br>Defendants | CIVIL ACTION NO. 05-172-ML |

**SUN LIFE ASSURANCE COMPANY OF CANADA, (U.S.) MOTION FOR JUDGMENT ON THE PLEADINGS AND ATTORNEYS' FEES**

The plaintiff, Sun Life Assurance Company of Canada, (U.S.) ("Sun Life"), moves pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings discharging it from any further liability in this interpleader action and awarding it reasonable attorneys fees and costs.

As set forth more fully in the accompanying memorandum and affidavit, Sun Life moves for judgment on the pleadings and an award of attorneys' fees and costs for the following reasons:

1. Sun Life filed a Complaint for Interpleader pursuant to Federal Rules of Civil Procedure 22 and 28 U.S.C. §§1335, 1397 and 2361 to require the defendants to interplead and settle among themselves their rights to the proceeds of seven annuity contracts owned by the late Frederick A. Gonya.

2. Three of the ten defendants have answered the interpleader complaint.

3. The remaining defendants were defaulted on October 24, 2005. On November 17, 2005, the defendants, Paul Gonya, Anthony Robbio, Jr., Paul Davenport, Michael Marino, Robert Nadeau, and Frederick Von Frederick filed answers and motions to vacate the defaults.

4. Jeffrey Luiz has informed Sun Life that he does not wish to pursue any claim for the annuity to which he was named beneficiary.

5. The subject of this litigation is the death benefits of seven annuity contracts totaling $301,147.38 plus accrued interest. Sun Life is a disinterested stakeholder who concedes liability, has moved to deposit the disputed funds into court. That motion has been allowed. Sun Life now seeks a discharge from liability and an award of attorneys' fees and costs. In an interpleader action, costs and attorneys' fees are generally awarded, in the discretion of the court, to the plaintiff who initiates the interpleader as a mere disinterested stakeholder. Prudential Ins. Co. of Amer. v. Boyd, 781 F.2d 1494 (11th Cir. 1986); Perkins State Bank v. Connolly, 632 F2d 1306, 1311 (5th Cir. 1980).

6. Sun Life has incurred $17,862.50 in attorneys' fees and $745.71 in costs up to December 31, 2005 to maintain this interpleader complaint and filing necessary motions. It estimates that an additional 5 hours have been incurred in January 2006, attending the hearing on the motion to deposit funds and responding to the settlement reported by defendants, Griggs, MacDonald and Conroy. Total fees to date are $19,307.50. The total value of the 7 annuities at issue in this case as of January 10, 2006 is $310,709.62.

WHEREFORE, Sun Life respectfully requests this Court grant its motion for judgment on the pleadings, discharge it from any further liability and award reasonable attorneys' fees in the amount of $19,307.50 and costs in the amount of $745.71.

SUN LIFE ASSURANCE COMPANY OF CANADA (U.S.),

By its attorneys,

Joan O. Vorster, Esq.
RI #5784
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax: (508) 791-8502

Richard E. Kirby, Esq.
RI #3780
Macktaz, Keefer & Kirby
The Aldrich Building
72 Pine Street
Providence, RI 02903
Phone: (401) 272-5300
Fax: (401) 331-7454

Dated: January 12, 2006

## CERTIFICATE OF SERVICE

I, Joan O. Vorster, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to:

Richard E. Kirby, Esq.
Macktaz, Keefer & Kirby
The Aldrich Building
72 Pine Street
Providence, RI 02903

Avram N. Cohen
155 South Main Street, Suite 204
Providence, RI 02903

Edward R. Dipippo, Esq.
1062 Reservoir Avenue
Cranston, RI 02901

Edward L. Gerstein
29 Meeting House Lane
Little Compton, RI 02837

Stephen J. Angell
Law Offices of Stephen J. Angell
155 South Main St., Ste 203
Providence, RI 02903

Jeffrey Luiz
7 Tobin Lane
Bristol, RI 02809-1525

Joan O. Vorster, Esq.

Dated: January 12, 2006

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

SUN LIFE ASSURANCE COMPANY OF CANADA, (U.S.)
Plaintiff

V.

IDA CONROY, PAUL S. DAVENPORT, PAUL GONYA, CAROL KIMBERLY GRIGGS a/k/a CAROL KIMBERLY, JEFFREY LUIZ, H. LOCKE MACDONALD, A. MICHAEL MARINO, ROBERT R. NADEAU, ANTHONY J. ROBBIO, JR, and FREDERICK VON FREDREK,
Defendants

CIVIL ACTION NO. 05-172-ML

**MEMORANDUM IN SUPPORT OF SUN LIFE ASSURANCE COMPANY OF CANADA, (U.S.) MOTION FOR JUDGMENT ON THE PLEADINGS AND ATTORNEYS' FEES**

## NATURE AND STATUS OF PROCEEDINGS

This is an action for interpleader to resolve a dispute over the proceeds of seven annuity contracts owned by the decedent, Frederick A. Gonya, with Sun Life Assurance Company of Canada, (U.S.) ("Sun Life"). Frederick A. Gonya was the owner and annuitant of seven annuity contracts:

- Contract No. 08-0880-138224 with a contract date of August 17, 1984 ("Contract 224"),
- Contract No. 08-0880-138233 with a contract date of August 17, 1984 ("Contract 233"),
- Contract No. 08-0880-145038 with a contract date of January 18, 1985 ("Contract 038"),
- Contract No. 08-0880-145056 with a contract date of January 18, 1985 ("Contract 056"),

- Contract No. 08-0880-145065 with a contract date of January 18, 1985 ("Contract 065"),
- Contract No. 08-0880-145074 with a contract date of January 18, 1985 ("Contract 074"), and
- Contract No. 71-7100-001929 with a contract date of December 20, 1985 ("Contract 929")

Collectively the "Contracts." At various times, Frederick A. Gonya designated one or more of the defendants as beneficiaries of one or more of the Contracts. Frederick A. Gonya died on September 6, 1999.

In an action pending in the Rhode Island Superior Court, Von Fredrek, Gonya, Nadeau, Robbio, Marino and Davenport have filed suit against Griggs seeking to recover, among other things, the proceeds of two of the Contracts.

Because of the dispute among the defendants as to the Contracts, Sun Life has not yet distributed the proceeds of the Contracts.

Von Fredrek, Gonya, Nadeau, Robbio, Marino and Davenport have objected to the distribution of the proceeds of the Contracts to Griggs. These defendants have claimed that Griggs exercised undue influence in executing change of beneficiary forms on August 19, 1999, at a time when Mr. Gonya was not well and shortly before his death. While not all of the defendants have filed written objections, all of the beneficiaries on the annuities at issue were changed on the date in question to Griggs. As a result, Sun Life was put on notice that all of these annuities may be subject to question. Griggs contends that the proceeds from the Contracts should be distributed directly to her. Thus, a dispute exists among the defendants regarding who are the beneficiaries under the Contracts and how the proceeds from the Contracts should be distributed among them.

Sun Life filed a Complaint for Interpleader pursuant to Federal Rules of Civil Procedure 22 and 28 U.S.C. §§1335, 1397 and 2361 to require the defendants to interplead and settle among themselves their rights to the proceeds of the Contracts. Initially only three of the ten defendants answered the interpleader complaint. Sun Life defaulted the seven other defendants. Six of the seven defaulted defendants have since filed motions to vacate the defaults and answers to the complaint.

Sun Life has filed its motion to deposit the proceeds of the annuities with the court. The Court noticed the hearing on Sun Life's motion to deposit funds and defendants' motion to remove default for January 6, 2006. Prior to the hearing, defendants, Griggs, Conroy, and MacDonald reached agreement on payment of two of the annuities, referred to in the Complaint as Policy Nos. 065 and 056. Griggs, Conroy, and MacDonald filed a stipulation in Court to this effect on January 5, 2006.[1] Following the January 6, 2006 hearing, the Court has allowed Sun Life to deposit the 5 annuities that remain in dispute.

Sun Life now seeks a discharge from liability and an award of attorneys' fees and costs.

## ARGUMENT

### A. SUN LIFE SHOULD BE DISCHARGED FROM FURTHER LIABILITY.

Sun Life seeks judgment on the pleadings discharging it from any further liability. 28 U.S.C. § 2361 provides that in "any civil action of interpleader a district court may discharge the plaintiff in interpleader from further liability, enjoin the parties from instituting further actions related to the stake, and make all other appropriate orders. If an interpleading plaintiff has no interest in the stake he should be dismissed." See Sun Life Assurance Co. of Canada v. Estate of

---

[1] Sun Life has not paid funds from these 2 annuities pending the Court's ruling on this motion for attorneys fees in the event that this Court rules that some proportionate share of the fees be charged to these annuities.

Chan, 2003 U.S. Dist. LEXIS 16943 (N.D.Cal. 2003); Metropolitan Life Insurance Co. v. Foley, 2002 WL 3139978 at *4 (E.D.La., Oct. 22, 2002).

Where an insurance company is a mere stakeholder and can contribute nothing toward resolution of the issues between the other parties, its interpleader action is properly filed, and no genuine issue exists as to its rights and liabilities, "it should be discharged from any and all liability arising out of or based on the policies involved, except to pay the proceeds of such policies to the party or parties ultimately adjudged to be entitled thereto." Rosenberger v. Northwestern Mut. Life Ins. Co., 176 F. Supp. 379, 385 (D.Kan. 1959), modified 182 F. Supp. 633 (D.Kan. 1960). See Francis I. du Pont & Co. v. Sheen, 324 F.2d 3, 5 (3d Cir. 1963) (When a plaintiff in interpleader has paid the amount of his admitted debt into court and, after notice and opportunity to be heard, the claimants have been ordered to interplead, the law normally regards the plaintiff as having discharged his full responsibility in the premises and the court often enters an order finally relieving the plaintiff of further responsibility and permanently enjoining the claimants from harassing him."); National Mutual Insurance Company v. Eckmen, 555 F.Supp. 775 (D.Del. 1983) (where plaintiff has met the statutory prerequisites for interpleader, has admitted liability to pay the insurance proceeds to the proper beneficiary, and has no interest in the insurance proceeds or other stake in the outcome of the dispute between the disputing claimants, plaintiff is thus a disinterested stakeholder, and the court will, in its discretion, discharge it from all further liability to defendants).

Sun Life has met the statutory prerequisites for interpleader, has admitted liability to pay the insurance proceeds to the proper beneficiary, and has no interest in the insurance proceeds or other stake in the outcome of the dispute between the disputing claimants. No defendant has asserted any claims against Sun Life. Sun Life is thus a disinterested stakeholder, and the Court

should discharge it from all further liability to defendants. American Home Life Insurance Company v. Barber, 2003 U.S. Dist. LEXIS 9365 (D. Kan. May 16, 2003).

**B. SUN LIFE IS ENTITLED TO AN AWARD OF REASONABLE ATTORNEYS' FEES.**

This interpleader has been very involved and complex. Sun Life has incurred $19,307.50 in connection with maintaining this interpleader action and filing motions to deposit funds and for discharge, and $745.71 in costs. See Affidavit of Joan O. Vorster. This action involves seven different annuity contracts and ten different claimants. Sun Life had to locate and serve all ten defendants. While some executed waivers, others did not. Sun Life then had to formally serve these defendants. Only three of the ten defendants originally answered the complaint. Sun Life then had to default the other seven defendants and confer with several defendants and defense counsel. Sun Life prepared and filed its motion to deposit funds. Ms. Griggs objected to the motion to deposit funds. Sun Life had to research the law Ms. Griggs cited in her opposition, and prepare a reply. Sun Life then researched and prepared this instant motion for judgment on the pleadings and memorandum in support thereof.

In an interpleader action, costs and attorneys' fees are generally awarded, in the discretion of the court, to the plaintiff who initiates the interpleader as a mere disinterested stakeholder. Prudential Ins. Co. of Amer. v. Boyd, 781 F.2d 1494 (11th Cir. 1986); Perkins State Bank v. Connolly, 632 F2d 1306, 1311 (5th Cir. 1980). "[C]ourts have discretion to award attorney fees to a disinterested stakeholder in an interpleader action." Abex Corp. v. Ski's Enterprises. Inc., 748 F.2d 513, 516 (9th Cir. 1984). The Ninth Circuit has explained that "the proper rule . . . in an action in the nature of interpleader, is that the plaintiff should be awarded attorney fees for the services of his attorneys in interpleading." Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp., 306 F.2d 188, 194 (9th Cir. 1962). "The court has discretion to

award attorneys' fees and costs: (1) against the losing claimants as costs to such claimants, (2) from the fund payable to the winning claimants, or (3) by dividing the fees among the claimants." Nestle Beverage Co. v. Bayerische Vereinsbank S.A., 1993 WL 96584, *3, N.D.Cal., Mar 24, 1993 (citing to Schirmer, 306 F.2d at 195). Compensable expenses include preparing the complaint, obtaining service of process on the claimants to the fund, and preparing an order discharging the plaintiff from liability and dismissing it from the action. Trustees, Directors Guild of Amer. V. TISE, 234 F.3d 415 (9th Cir. 2000).

As a general matter, a court will normally award fees from the proceeds where "(1) the party seeking fees is a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability." Septembertide Publ'g v. Stein & Day, Inc., 884 F.2d 675, 683 (2d Cir. 1989). Several considerations justify awarding the plaintiff attorneys' fees from the interpleader fund:

> It is thought appropriate to award counsel fees to [a disinterested] stakeholder because the retention of counsel has in all likelihood been necessitated not because of the stakeholder's wrongdoing but rather because he is the mutual target in a dispute which is not of his own making. Moreover, the stakeholder is often viewed as having performed a service to the claimants by initiating a proceeding which will expeditiously resolve their claim and by safeguarding the disputed fund by deposit in court, which at the same time guarantees the prevailing claimant immediate satisfaction without the need for execution proceedings.

3A Moore's Federal Practice, at 22-171, 22-173.

Sun Life has met all of the aforementioned criteria for awarding attorneys' fees and costs from the Contracts. It is a disinterested stakeholder. Sun Life has conceded its liability to pay the proceeds of the annuity contracts to one or more of the defendants. On September 30, 2005, it filed a motion to deposit the disputed funds into escrow with this Court, and by way of this motion has sought a discharge from liability. Therefore, Sun Life is entitled to an award of

reasonable attorneys' fees in the amount of $19,307.50, and costs in the amount of $745.71. As of January 10, 2006, the total amount of all 7 annuities at issue in this case is $310,709.62.

SUN LIFE ASSURANCE COMPANY OF
CANADA (U.S.),

By its attorneys,

Joan O. Vorster, Esq.
RI #5784
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax: (508) 791-8502

Richard E. Kirby (JOV)

Richard E. Kirby, Esq.
RI #3780
Macktaz, Keefer & Kirby
The Aldrich Building
72 Pine Street
Providence, RI 02903
Phone: (401) 272-5300
Fax: (401) 331-7454

Dated: January 12, 2006

## CERTIFICATE OF SERVICE

I, Joan O. Vorster, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to:

Richard E. Kirby, Esq.
Macktaz, Keefer & Kirby
The Aldrich Building
72 Pine Street
Providence, RI 02903

Avram N. Cohne
155 South Main Street, Suite 204
Providence, RI 02903

Edward R. Dipippo, Esq.
1062 Reservoir Avenue
Cranston, RI 02901

Edward L. Gerstein
29 Meeting House Lane
Little Compton, RI 02837

Stephen J. Angell
Law Offices of Stephen J. Angell
155 South Main St., Ste 203
Providence, RI 02903

Jeffrey Luiz
7 Tobin Lane
Bristol, RI 02809-1525

Joan O. Vorster, Esq.

Dated: January 12, 2006