UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

SUN LIFE ASSURANCE COMPANY OF CANADA, (U.S.)
Plaintiff

V.

IDA CONROY, PAUL S. DAVENPORT, PAUL GONYA, CAROL KIMBERLY GRIGGS a/k/a CAROL KIMBERLY, JEFFREY LUIZ, H. LOCKE MACDONALD, A. MICHAEL MARINO, ROBERT R. NADEAU, ANTHONY J. ROBBIO, JR, and FREDERICK VON FREDREK,
Defendants

CIVIL ACTION NO. 05-172-ML

**PLAINTIFF'S REPLY TO DEFENDANT, CAROL KIMBERLY GRIGGS' RESPONSE TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AND FOR ATTORNEYS' FEES**

The plaintiff, Sun Life Assurance Company of Canada ("Sun Life") submits this reply pursuant to Local Rule 7 to defendant, Carol Kimberly Griggs' ("Griggs") opposition to the plaintiff's motion for judgment on the pleadings and for attorneys' fees.

This is an interpleader action. This Court has allowed Sun Life's motion to deposit the proceeds of the disputed annuities ("the Contracts") with the court and Sun Life has done so. Sun Life filed its motion for judgment on the pleadings and for attorneys' fees on January 17, 2006. Griggs is the only defendant who has opposed this motion.

1. Sun Life's Request For A Judgment On The Pleadings.

Griggs argues that Sun Life should not be discharged from this case until she can conduct discovery to determine if there were "bona fide" adverse claims as to the Contracts, so that she

can assess whether to file a counterclaim. This is not an appropriate reason to deny Sun Life a discharge in this case.

Griggs' counsel has already conducted discovery about what information Sun Life has regarding these policies. Sun Life responded to a subpoena from Griggs' lawyer in the state court case in December 1999, where he requested that Sun Life produce documents pertaining to securities held by the late Frederick Gonya. In this case, on November 18, 2005, Griggs' counsel served a subpoena on Sun Life where he requested that Sun Life produce copies of all communications with any of the defendants and all change of beneficiary forms. Sun Life produced these documents to facilitate resolution of this matter, even though it was not obligated to respond to this discovery request pursuant to Fed. R. Civ. Pro. 26(f). Among the documents produced were Sun Life's letter to Attorneys Gerstein and Factor of February 11, 2005 inquiring about the status of these disputed policies, and Mr. Factor's letter dated February 15, 2005 where he informed Sun Life that these accounts were still subject to dispute and not to dispose of the accounts.[1] True copies of both letters are attached as Exhibit 1. Having been informed that there still were adverse claims as to the Contracts, Sun Life filed this interpleader action.

Indeed, even after Sun Life filed this interpleader action, the rights to the Contracts remained in dispute. It was only 2 days before the January 6, 2006 hearing that defendants, Griggs, Conroy and MacDonald reached agreement on Policy Nos. 056 and 065. But for the defaults issued against the remaining defendants, it appears that the other five Contracts were in dispute as well.[2] Indeed, aside from the agreement defendants reached on Policy Nos. 056 and 065, at no time has any of the defendants informed Sun Life that any one of the other Contracts

---

[1] According to Sun Life's records, Griggs' counsel did not respond to Sun Life's February 11, 2005 letter.

[2] Griggs in her opposition makes some claims as to Policy Nos. 223 and 224. However, the fact remains that the previous beneficiaries of those policies Mr. Paul Gonya and Mr. Von Fredrek retained counsel to defend their interests in this case.

were not in dispute and should be paid to Griggs. There is no doubt given the actions of the parties, that were adverse claims as to these Contracts. Discovery is not necessary in order to establish that adverse claims existed. Indeed, Griggs has already propounded discovery to Sun Life on two occasions. She does not need more to learn that were adverse claims to these Contracts.

Interpleader is designed to protect stakeholders from undue harassment in the face of multiple claims against the same fund, and to relieve the stakeholder from assessing which claim among many has merit. Fidelity Brokerage Servs. LLC v. Bank of China, 192 F.Supp. 173, 177 (S.D.N.Y. 2002). Here, where Sun Life was informed that the Contracts remained in dispute, and where the parties had not been able to settle their claims against each other for six years after the death of the contract holder, interpleader is an appropriate remedy. Now that the funds as to the disputed Policies have been deposited into Court, Sun Life should be discharged.

Griggs' cite to the Equitable Life Assurance Soc. v. Porter-Engelhart, 867 F.2d 79 (1st Cir. 1989) is misplaced. In that case, the Court found that a claim under M.G.L. c.93A could be asserted where a portion of the policy at issue in the case was deposited in court, when it was not in dispute. Here, the Contracts remained in dispute until January 4, 2006 when Griggs, Conroy, and MacDonald reached settlement on Policies 056 and 065. At no time while this litigation was pending did Griggs make demand on Sun Life for payment on one of the Contracts claiming that there was no dispute as to her entitlement to the proceeds.

This case has been pending since April 11, 2005. Griggs was served on July 25, 2005. The state court action has been pending for over five years. To date, Griggs has not filed a counterclaim as to Sun Life. If it was her position that one of the Contracts was indisputably

hers, that she made demand on Sun Life but did not receive payment, she had every opportunity to assert a counterclaim, but has failed to do so.

Sun Life will be prejudiced if this discharge is not provided. Sun Life has deferred payment on the Contracts for six years so as to let these claimants resolve this dispute among themselves. Sun Life filed this interpleader when it was informed that six years after the death of the Contract holder the parties still could not resolve their differences. Now, when Sun Life files an interpleader action to pay the policies to the court so that it can end its involvement in this dispute, Griggs asks for Sun Life to remain in the case as to her so that she can propound discovery, that she already has propounded, to determine what she has known all along. By depositing the proceeds of the Contracts in court, Sun Life should be discharged from this case. Griggs has advanced no legitimate reason for this Court to deny Sun Life a discharge in this case.

2. Sun Life's Request For Attorney's Fees.

Griggs claims that Sun Life is not entitled to an attorney's fee because filing this interpleader action is part of its ordinary course of business. While Sun Life recognizes that there are a few courts that have taken this position to deny an award of fees in an interpleader action, this is the minority view. The majority of federal courts, and in fact the First Circuit, agree that a disinterested stakeholder that files an interpleader action is entitled to recoup its reasonable attorneys' fees. See Equitable Life Assurance Soc., 867 F.2d at 89 (fees and costs may be awarded to the stakeholder in an interpleader action out of the fund in controversy). This and other cases are cited in Sun Life's memorandum in support of its motion.

This was not a garden-variety interpleader. It is not in the usual course of business to have policy owners change the beneficiaries of their policies repeatedly, as Mr. Gonya did here. It is not in the usual course of business to have previous beneficiaries claim that a change was made by undue influence. It is not usual for claimants to be unable to resolve their dispute over a

policy for six years after the death of the policyholder. Then when Sun Life files an interpleader action, have one of the claimant fight Sun Life tooth and nail to stop the deposit of funds and preclude Sun Life from receiving a discharge. It is also not in the usual course of business for Sun Life to encounter claimants who ignore requests for waiver of service of summons, require personal service, and then ignore the case until the very last minute. If there was ever a case that falls outside the scope of a simple interpleader, this is it. In no way could Sun Life have foreseen that these events would occur when it sold the Contracts to Mr. Gonya over twenty years ago. Sun Life should be permitted to recover a reasonable attorney's fee.

The amount of the fee requested is the result of the actions some of the defendants in this case. Several did not respond to the request for waiver of service and had to be personally served. Sun Life had to respond to Griggs' request for discovery. Griggs opposed Sun Life's motion to deposit funds, to which Sun Life had to respond, and then at the hearing on January 6, 2006, Griggs stated that she had no opposition to the motion to deposit. Then when Sun Life seeks a discharge in this case so that the parties can settle their dispute as to the Contracts, Griggs wants to keep Sun Life in the case to do discovery, that she has already done. The amount of the fee requested lies squarely at the feet of some of the defendants.

Contrary to Griggs' assertions, Sun Life must file a motion to deposit money in court. See Fed. R. Civ. P. 67, and Local Rule 67. And, what made the motion to deposit "costly" as Griggs argues, was not Sun Life's motion, but responding to Griggs' useless opposition to the motion which she later waived at the January 6, 2006 hearing.

Sun Life has made no request for reimbursement of fees for its local counsel in Rhode Island.

Sun Life has submitted clear copies of the bills submitted by its attorneys. If Griggs thinks that some of the actions taken were unreasonable it is up to her to point them out to the court. Aside from some general statements, she has failed to do so.

SUN LIFE ASSURANCE COMPANY OF CANADA (U.S.),

By its attorneys,

Richard E. Kirby (Jov)

Richard E. Kirby, Esq.
RI #3780
Macktaz, Keefer & Kirby
The Aldrich Building
72 Pine Street
Providence, RI 02903
Phone: (401) 272-5300
Fax: (401) 331-7454

Joan O. Vorster

Joan O. Vorster, Esq.
RI # 5784
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax: (508) 791-8502

Dated: 02. 13. 06

CERTIFICATE OF SERVICE

I, Joan O. Vorster, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to:

Richard E. Kirby, Esq.
Macktaz, Keefer & Kirby
The Aldrich Building
72 Pine Street
Providence, RI 02903

Avram N. Cohen
155 South Main Street, Suite 204
Providence, RI 02903

Edward R. Dipippo, Esq.
1062 Reservoir Avenue
Cranston, RI 02901

Edward L. Gerstein
29 Meeting House Lane
Little Compton, RI 02837

Stephen J. Angell
Law Offices of Stephen J. Angell
155 South Main St., Ste 203
Providence, RI 02903

Jeffrey Luiz
7 Tobin Lane
Bristol, RI 02809-1525

Joan O. Vorster

Joan O. Vorster, Esq.

Dated: 02. 13. 06