UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SUN LIFE ASSURANCE CO. OF CANADA (U.S.)

v. C.A. 05-172 S: DLM

IDA CONROY, PAUL S. DAVENPORT, PAUL GONYA, CAROL KIMBERLY GRIGGS, A/K/A CAROL KIMBERLY, JEFFREY LUIZ, H. LOCKE MACDONALD, A. MICHAEL MARINO, ROBERT R. NADEAU, ANTHONY J. ROBBIO, JR., AND FREDERICK VON FREDREK

**DEFENDANT CAROL KIMBERLY GRIGGS' MOTION FOR ENTRY OF DEFAULT JUDGMENTS AGAINST DEFENDANTS NADEAU, GONYA, MARINO, ROBBIO, DAVENPORT, VON FREDREK AND LUIZ**

Now comes interpleader claimant\defendant Carol Kimberly Griggs ("Griggs") and hereby moves pursuant to Fed. R. Civ. P. 55(b)(2) for entry of default judgments against interpleader defendants Paul S. Davenport ("Davenport"), Paul Gonya ("Gonya"), A. Michael Marino ("Marino"), Robert R. Nadeau ("Nadeau"), Anthony J. Robbio ("Robbio"), Frederick Von Fredrek ("Von Fredrek"), and Jeffrey Luiz ("Luiz").

In support hereof she states:

1. Plaintiff Sun Life Assurance Co. of Canada (U.S.) ("Sun Life") commenced this interpleader action by filing its Complaint ("Complaint") on April 25, 2005. (Doc. #1)[1]

2. The Complaint identifies seven separate annuities issued by Sun Life. The annuities are each identified by contract number and potential 'adverse claimants.'

[1] Reference is to the number assigned to a document or event on the Court Docket.

3. Each defendant was served with a summons and copy of the Complaint, or a waiver of service of process and a copy of the Complaint. (Docs. # 4-13).

4. Defendants Ida Conroy ("Conroy"), and H. Locke MacDonald ("MacDonald"), filed answers to the Complaint, and asserted their interests in the annuities described as Contracts 056 and 065, respectively. (Docs. # 3 and 15).

5. Defendant Griggs filed her answer to the Complaint, and asserted her interest in all of the annuities identified in the Complaint. (Doc. # 16).

6. By stipulation filed on January 5, 2006, and entered by Martin, U.S.M.J., on February 2, 2006, defendants Conroy, MacDonald and Griggs, settled their differences, if any, concerning Contracts 056 and 065 (Doc. # 65).

7. Defendant Von Fredrek was served with a Summons and Complaint on July 25, 2005 (Doc. # 5), and failed to answer or otherwise appear. Default entered against him on October 24, 2005. (Doc. #32).

8. Defendants Davenport, Gonya, Marino, Robbio, and Luiz were served with a copy of the Complaint and Waiver of Service of Summons. Each executed and returned the Waiver of Service of Summons to counsel for Sun Life. (Docs. # 6, 9-13).

9. Defaults against Davenport, Gonya, Marino, Robbio, Von Fredrek , and Luiz entered on October 24, 2005. (Docs. # 29-37).

10. Motions to vacate the defaults were filed by defendants Davenport, Gonya, Marino, Robbio, and Von Fredrek. (Docs. # 41, 44, 47, 50 and 53).

11. Interpleader claimant\defendant Griggs filed an objection, and memorandum with supporting affidavit in objection, to the motions to vacate the defaults filed by defendants Davenport, Gonya, Marino, Robbio, and Von Fredrek. (Doc. # 58).

12. Hearing on the motions to vacate the defaults was conducted on January 6, 2006, before Martin, U.S.M.J. At hearing, the Court offered, but the moving defaulted defendants declined, the opportunity to present evidence relevant to the motions to vacate the defaults.

13. The motions to vacate the defaults were denied. *Memorandum and Order Granting Plaintiff's Motion to Deposit Proceeds and Denying Motions to Vacate Default*"("*Memorandum and Order*"). The *Memorandum and Order* entered and was served upon counsel by facsimile on January 12, 2006. (Doc# 61).

14. Defendants Davenport, Gonya, Marino, Robbio, and Von Fredrek did not object to, or otherwise seek review of, the decision to deny the motions to vacate the defaults and matters set forth in the *Memorandum and Order.* The time to object, or otherwise seek such review, has expired. Fed. R. Civ. P. 72, and D.R.I. Loc. R. 32.

15. Defendant Luiz has not moved to vacate the default entered against him. Instead, by letter dated June 28, 2005, he advised Sun Lie that he had no interest in the annuity for which he was identified as a putative 'adverse claimant' (Contract 929), or any other annuity identified in the Complaint. See: *Sun Life Assurance Company of Canada, (U.S.) Motion for Judgment on the Pleadings and Attorneys' Fees,* at ¶ 4.

16. Consideration of the factors sufficient to support entry of default judgment are addressed in the *Memorandum and Order* entered on January 12, 2006, and further evidence or investigation is not necessary.

15. In an interpleader action, when defaults enter against some, but not all, of the interpleader defendants, the contours of a default judgment against the defaulted defendants and in favor of the non-defaulted interpleader defendants are settled.

16. The necessity of the second stage of an interpleader action is obviated, and the funds should be distributed to the remaining non-defaulted claimant.

In support hereof, interpleader claimant\defendant Griggs relies on the memorandum filed contemporaneously herewith.

Wherefore, interpleader claimant\defendant Griggs moves that default judgments enter against interpleader defendants Davenport, Gonya, Marino, Robbio, and Von Fredrek and Luiz, and in her favor, concerning the annuities identified in the Complaint as Contracts 224, 233, 038, 074 and 929, and for such other relief as the Court deems appropriate.

Carol Kimberly Griggs,
By her Attorney,

Edward L. Gerstein, Esq. #2270
29 Meeting House Lane
Little Compton, RI 02837
Tel: (401) 635-2282
Fax: (401) 635-1612

CERTIFICATION

I hereby certify that a copy of the within Motion for Entry of Default Judgments was mailed, postage prepaid this 14 day of February, 2006 to:

Joan O. Vorster, Esq.
Mirick, O'Connell
100 Front Street
Worcester, MA 01608-1477

Avram N. Cohen, Esq.
155 South Main St.
Suite 204
Providence, RI 02903

Richard E. Kirby, Esq.
Macktaz, Keefer & Kirby
72 Pine Street
Providence, RI 02903

Edward DiPippo, Esq.
1062 Reservoir Ave.
Cranston, RI 02910

Jeffrey Luiz
7 Tobin Lane
Bristol, RI

AND HAND DELIEVERED TO:
Stephen J. Angell, Esq.
155 South Main Street
Providence, RI 02903-2963

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SUN LIFE ASSURANCE CO. OF CANADA (U.S.)

v. C.A. 05-172 S: DLM

IDA CONROY, PAUL S. DAVENPORT, PAUL GONYA, CAROL KIMBERLY GRIGGS, A/K/A CAROL KIMBERLY, JEFFREY LUIZ, H. LOCKE MACDONALD, A. MICHAEL MARINO, ROBERT R. NADEAU, ANTHONY J. ROBBIO, JR., AND FREDERICK VON FREDREK

**MEMORANDUM OF DEFENDANT CAROL KIMBERLY GRIGGS' IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENTS AGAINST DEFENDANTS NADEAU, GONYA, MARINO, ROBBIO, DAVENPORT, VON FREDREK AND LUIZ**

NATURE AND STATUS OF PROCEEDINGS

This is an interpleader action. Plaintiff, Sun Life Assurance Company of Canada (U.S.) ("Sun Life"), alleges that disputes exist among the defendants to the proceeds of seven annuities issued by it. The annuities were purchased by Frederick A. Gonya in 1984 and 1985 (sometimes the "annuities" or "contracts"). He died on September 6, 1999. Each annuity is separately identified by contract number, value, and purported 'adverse claimants' (Complaint at ¶¶ 21-50).

Ten individuals are named defendants. Defaults entered against defendants Paul S. Davenport ("Davenport"), Paul Gonya ("Gonya"), A. Michael Marino ("Marino"), Robert R. Nadeau ("Nadeau"), Anthony J. Robbio ("Robbio"), Frederick Von Fredrek ("Von Fredrek"), and Jeffrey Luiz ("Luiz") (Docs. # 29-37).[1] Defendants Davenport, Gonya,

[1] Reference is to the number assigned to a document or event on the Court Docket.

Marino, Robbio, and Von Fredrek moved to vacate the defaults entered against them (Docs. # 41, 44, 47, 50 and 53). The motions were denied. *Memorandum and Order Granting Plaintiff's Motion to Deposit Proceeds and Denying Motions to Vacate Default," Martin, U.S.M.J.* ("*Memorandum and Order*"). The *Memorandum and Order* entered and was served upon counsel by facsimile on January 12, 2006. (Doc# 61). Defendants Davenport, Gonya, Marino, Robbio, and Von Fredrek have not filed any objections to, or otherwise sought review of, the decision and matters set forth in the *Memorandum and Order.* The time within which they could file objections, or otherwise seek review of the decision and matters set forth in the *Memorandum and Order* has expired. Fed. R. Civ. P. 72, and D.R.I. Loc.R. 32.

The defendant Luiz has not filed a motion to vacate the default entered against him. Instead, by letter dated June 28, 2005, he advised Sun Life that he does not wish to pursue any claim to the annuity to which he was named a putative 'adverse claimant,' or was otherwise named, at one time, a beneficiary (Contract 929) (Exhibit A). See also: *Sun Life Assurance Company of Canada, (U.S.) Motion for Judgment on the Pleadings and Attorneys' Fees,* at ¶ 4.

The remaining defendants Ida Conroy ("Conroy"), H. Locke MacDonald ("MacDonald"), and Carol Kimberly Griggs ("Griggs"), filed answers to the Complaint. Defendant Conroy asserted and interest in annuity contract 056 (Doc. #15). Defendant MacDonald asserted an interest in annuity contract 065 (Doc. #3). Defendant Griggs asserted an interest in all of the annuities identified in the Complaint (Doc. #16). Defendants Conroy, MacDonald and Griggs resolved their disputes, if any, concerning

the two annuities in which they allegedly have competing interests (Contracts 056 and 065). (Doc. #65). Sun Life has agreed to honor that resolution.

ARGUMENT

The filing of an interpleader action does not confer upon a defendant named as a prospective (or adverse) claimant any rights to the disputed funds. *General Accident Group v. Gagliardi,* 593 F.Supp. 1080, 1088-1089 (D.Conn. 1984). To assert an interest in the disputed funds, a named interpleader defendant must answer the complaint and assert his or her claim to the fund. Failure to do so results in default. *Amoco Production Co. v. Aspen Group*, 59 F.Supp.2d 1112, 1114 (D.Col. 1999). The default of a named interpleader defendant is viewed as a forfeiture of any claim of entitlement to the fund that may have been asserted by the defaulted defendant. *Gulf Coast Galvanizing Inc. v. Steel Sales Co., Inc.* 826 F.Supp. 197, 203 (S.D.Miss. 1993); *General Accident Group v. Gagliardi*, 593 F.Supp. at 1089. See also: *Nationwide Mutual Fire Insurance Co. v. Eason,* 736 F.2d 130, 132-133 (4th Cir. 1984); *New York Life Insurance Co. v. Connecticut Development Authority,* 700 F.2d 91, 95-96 (2nd Cir. 1983).

The default of interpleader defendants expedites conclusion of interpleader actions by eliminating the need for the second stage of such proceedings, that is, judicial determination of competing claims to the fund. *Id.* When all but one of the named interpleader defendants are defaulted, the remaining interpleader defendant is entitled to the fund. *Nationwide Mutual Fire Insurance Co. v. Eason,* 736 F.2d at 133; *New York Life Insurance Co. v. Connecticut Development Authority,* 700 F.2d at 95; *General Accident Group v. Gagliardi*, 593 F.Supp. at 1089.

An interpleader claimant\defendant may obtain default judgment against the defaulted defendants. *Id*; *American National Bank and Trust Co. of Chicago v. ALPS Electric Co.*, 2002 WL 484845 (N.D.Ill. 3/29/02); *Amoco Production Co. v. Aspen Group*, 59 F.Supp.2d at 1116; *Gulf Coast Galvanizing Inc. v. Steel Sales Co., Inc.* 826 F.Supp. at 203-204; *General Accident Group v. Gagliardi*, 593 F.Supp. at 1089; and *European American Bank V. Royal Aloha Vacation Club*, 1988 WL 68194 (S.D.N.Y. 6/20/88). See also: Fed. R. Civ. P. 55(d).

It is axiomatic that a district court must have jurisdiction to properly enter a default judgment. Here, the Court has subject matter jurisdiction over this interpleader action. 28 U.S.C. § 1335(a). The fund initially in dispute is more than $500.00. Diversity of citizenship existed between two or more of the 'adverse claimants.' (Complaint at ¶¶ 4-13). Sun Life has deposited the fund with the Court. Personal jurisdiction is obtained over each of the defendants by service of a summons and complaint, or by service of a waiver of service of process and complaint. 28 U.S.C. § 2361; Fed. R. Civ. P. 4 and 12. (Docs. # 4-13). Venue in this district is proper. 28 U.S.C. § 1397.

Sun Life named Griggs as a defendant and identified her as an 'adverse claimant' with respect to all of the annuities described in the Complaint. She answered the Complaint and asserted a claim to all of the annuities. (Doc. #16).

Based on their failure to answer (and assert a claim to the funds), defendants Davenport, Gonya, Marino, Robbio, Von Fredrek and Luiz were defaulted. (Docs. # 31-37). Defendants Davenport, Gonya, Marino, Robbio, Von Fredrek ("moving defendants"), then engaged counsel and moved to vacate the defaults entered against

them. Memoranda were submitted. At hearing on the motions to vacate, they were represented by counsel and provided the opportunity to present evidence relevant to their motions to vacate the defaults, an invitation these declined.[2]

In denying the motions to vacate the defaults, the court expressly considered at least the seven factors described in *KPS & Assoc., Inc. v, Designs by FMC, Inc.* 318 F.3d 1, 12 (1st Cir. 2003); and *McKinnon v. Kwong Wah Rest.*, 83 F.3d 498, 503 (1st Cir. 1996). The Court concluded that "none of the factors weighs in favor of granting the Motions to Vacate. It further finds that the Moving Defendants' apparent lack of good faith as evidenced by their advancement of arguments which are contradicted or unsupported by the facts weighs heavily against granting their motions." *Memorandum and Order* at 12. The Court expressly found that the moving defendants': (a) defaults were willful (*Memorandum and Order* at 8), (b) failed to demonstrate a meritorious claim to the funds, or that they acted in good faith (Id at 8-9), (c) failed to provide a legitimate explanation for their defaults, or the timing of the motions to vacate the defaults (Id at 10-11), and (d) failed to identify with any specificity the amount of the funds to which they sought to claim entitlement (Id at 10-11). Although a default may stand absent prejudice, the Court also found that it would prejudice defendant Griggs if the defaults were vacated. (Id at 9). In addition, the Court drew adverse inferences from the failure of the moving defendants to: (a) "support their arguments with affidavits;" (b) "challenge

---

[2] The memoranda filed in support of the motions to vacate the defaults were primarily based on allegations that the moving defendants were represented in these proceedings by Attorney Alfred Factor, and that his misdeeds and negligence resulted in the entry of defaults. (Docs. #41,44,47,50,53 and 56,). In her objection to the motions to vacate the defaults, defendant Griggs submitted the affidavit of Attorney Factor which denied the allegations of the moving defendants. She also subpoenaed attorney Factor to appear at hearing on January 6, 2006, which he did. The Court provided the moving defendants the opportunity to examine Attorney Factor, but they declined. Defendant Griggs incorporates her memorandum in opposition to the motions to vacate the defaults, and affidavit of Attorney Factor in their entirety. (Doc. #58).

Attorney Factor's sworn statement with their own sworn statements;" and (c) to question Attorney Factor at the hearing on January 6, 2006, despite being presented that opportunity by the Court. (Id). Moreover, the court found that certain of the contentions of defendant Gonya were untenable (Id at 10-11).

Defendants Davenport, Gonya, Marino, Robbio, Von Fredrek did not object to, or otherwise seek review of, the decision denying the motions to vacate the defaults, or the matters set forth in the *Memorandum and Order.* The time to object or seek such review has expired. Fed. R. Civ. P. 72; and D.R.I.Loc. R. 32.

The memoranda filed by defendants Davenport, Gonya, Marino, Robbio, Von Fredrek in support of their motions to vacate the defaults recognize that if the defaults are allowed to stand, they will ripen into default judgments. (Moving defendants' Memoranda at 3). While entry of default judgment is committed to the discretion of a district court, the factors typically considered are already addressed in the unchallenged *Memorandum and Order* of Magistrate Judge Martin. Moreover, "[i]t is apodictic that federal court possess plenary authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" and have the inherent authority to enter default judgments when a party has deceived the court in an attempt to obtain relief. *KP&S Associates, Inc. v. Designs by FMC, Inc.*, 318 F.3d at 15 (internal citations omitted). The conclusion by Magistrate Judge Martin of "the Moving Defendants' apparent lack of good faith as evidenced by their advancement of arguments which are contradicted or unsupported by the facts***" also provides a basis for entry of default judgment. Id.

The law and contours of default judgments in interpleader actions is settled. The rights to the fund "in whole or part, are adjudicated among the claimants, not as against the stakeholder***" *General Accident Group v. Gagliardi*, 593 F.Supp.at 1089. Failure to answer an interpleader complaint and assert a claim to the fund constitutes a waiver of the right to claim of entitlement to the fund. When only one interpleader claimant\defendant is not in default, the need for the second stage of an interpleader action is obviated and the funds should be distributed to the sole remaining non-defaulted defendant. *New York Life Ins. Co. v. Connecticut Dev. Authority*, 700 F.2d at 95 & n. 6; *Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d at 133 n.4; *Amoco Production Co. v. Aspen Group*, 59 F.Supp.2d at 1116; *General Accident Group v. Gagliardi*, 593 F. Supp. at, 1089.

The law, facts and circumstances presented warrant the entry of default judgments against defendants Davenport, Gonya, Marino, Robbio, Von Fredrek and Luiz. The relief afforded by default judgments is certain, and there is no need to conduct evidentiary or further hearings to determine the scope of that relief. Moreover, as interpleader claimant\defendants Conroy, MacDonald and Griggs have stipulated as to the disposition of the annuity contracts to which they were alleged 'adverse claimants,' there is no need for evidentiary hearings and judicial determination of the entitlement to those annuities.

The concept of a default judgment "plays a constructive role in maintaining the orderly and efficient administration of justice *** furnishes an invaluable incentive for parties to comply with court orders and rules of procedure [and] encourages expeditious resolution of litigation and promotes finality." *KPS & Associates, Inc., supra,* 318 F.3d

at 13. See also: *Memorandum and Order* at 9-10. Those salutary purposes are served by entry of the default judgments.

CONCLUSION

For the foregoing reasons, and such others as may be presented, interpleader claimant\defendant Griggs moves that default judgments be entered in her favor, and against the defendants Davenport, Gonya, Marino, Robbio, Von Fredrek and Luiz with respect to the annuities identified in the Complaint as Contracts 224, 233, 038, 074 and 929.

Carol Kimberly Griggs,
By her Attorney,

Edward L. Gerstein, Esq., #2270
29 Meeting House Lane
Little Compton, RI 02837
Tel: (401) 635-2282
Fax: (401) 635-1612

CERTIFICATION

I hereby certify that a copy of the within Motion for Entry of Default Judgments was mailed, postage prepaid this 14th day of February, 2006 to:

Joan O. Vorster, Esq.
Mirick, O'Connell
100 Front Street
Worcester, MA 01608-1477

Avram N. Cohen, Esq.
155 South Main St.
Suite 204
Providence, RI 02903

Richard E. Kirby, Esq.
Macktaz, Keefer & Kirby
72 Pine Street
Providence, RI 02903

Edward DiPippo, Esq.
1062 Reservoir Ave.
Cranston, RI 02910

Jeffrey Luiz
7 Tobin Lane
Bristol, RI

AND HAND DELIEVERED TO:
Stephen J. Angell, Esq.
155 South Main Street
Providence, RI 02903-2963