UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SUN LIFE ASSURANCE COMPANY OF CANADA, (U.S.), Plaintiff,

v. CA 05-172 S

IDA CONROY, PAUL S. DAVENPORT, PAUL GONYA, CAROL KIMBERLY GRIGGS a/k/a CAROL KIMBERLY, JEFFREY LUIZ, H. LOCKE MACDONALD, A. MICHAEL MARINO, ROBERT R. NADEAU, ANTHONY J. ROBBIO, JR., and FREDERICK VON FREDREK, Defendants.

**NOTICE OF CONVERSION**

On February 22, 2006, the court conducted a hearing on the Sun Life Assurance Company of Canada, (U.S.) Motion for Judgment on the Pleadings and Attorneys' Fees (Document ("Doc.") #62) ("Motion for Judgment on the Pleadings"). At the hearing, counsel for Defendant Carol Kimberly Griggs ("Griggs") objected to the court's consideration of two letters which are attached as exhibits to Plaintiff's Reply to Defendant, Carol Kimberly Griggs' Response to Plaintiff's Motion for Judgment on the Pleadings and for Attorneys' Fees (Doc. #66) ("Plaintiff's Reply Mem."). Griggs' counsel argued that the court could not consider matters outside the pleadings without converting the Motion for Judgment on the Pleadings into a motion for summary judgment. Counsel for Sun Life Assurance Company of Canada, (U.S.) ("Plaintiff") disagreed, contending that the substance of the letters was incorporated into the Complaint.

The court concludes that Plaintiff's Motion for Judgment on the Pleadings should be converted into a motion for summary judgment. It reaches this conclusion because the letters attached to Plaintiff's Reply Mem. are not "document[s] integral

to or explicitly relied upon in the complaint," Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co., 228 F.3d 24, 32 (1st Cir. 2000)(quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)), such that the court may properly consider them without converting the Motion for Judgment on the Pleadings into one for summary judgment, see id.; cf. Beddall v. State Street Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998)("When ... a complaint's factual allegations are expressly linked to--and admittedly dependent upon--a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6).").

Accordingly, the court hereby directs Plaintiff to file by April 3, 2006, a statement of undisputed facts as required by DRI LR Cv 56(a)(1) and (2).[1] Any Defendant who objects to Plaintiff's statement of undisputed facts shall file by April 17, 2006, "a Statement of Disputed and/or Undisputed Facts setting forth disputed facts and/or additional undisputed facts that the objecting party contends preclude summary judgment." DRI LR Cv 56(a)(4). The parties, at their option, may rely upon the

[1] The court has intentionally set the date more than a month in advance in the hope that this additional time may enable the parties to resolve their differences regarding that portion of the motion which seeks to have Plaintiff discharged from any further liability in this matter. Such agreement would spare the parties from having to prepare and submit additional filings, and the court could then rule upon Plaintiff's request for attorneys' fees.

As the court observed at the February 22, 2006, hearing, it is in everyone's interest to resolve this action as simply and economically as possible. To that end, the parties are encouraged to communicate with each other to see if the filings required for summary judgment might be avoided entirely (by agreeing that Plaintiff may be discharged) or substantially reduced (by filing an agreed statement of facts and resting on the memoranda already filed).

In the event the parties agree prior to April 3, 2006, that Plaintiff may be discharged, they should so advise the court. The court will then proceed to rule upon the request for attorneys' fees.

memoranda they have already filed in relation to the Motion for Judgment on the Pleadings, or they may submit new memoranda regarding the motion for summary judgment by the aforesaid dates (April 3rd for Plaintiff and April 17th for Defendants).

ENTER:

David L. Martin

DAVID L. MARTIN
United States Magistrate Judge
February 24, 2006

BY ORDER:

Deputy Clerk