UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SUN LIFE ASSURANCE COMPANY          :
OF CANADA, (U.S.),                  :
                    Plaintiff,      :
                                    :
        v.                          :          CA 05-172 S
                                    :
IDA CONROY, PAUL S. DAVENPORT,      :
PAUL GONYA, CAROL KIMBERLY GRIGGS   :
a/k/a CAROL KIMBERLY, JEFFREY       :
LUIZ, H. LOCKE MACDONALD,           :
A. MICHAEL MARINO, ROBERT R.        :
NADEAU, ANTHONY J. ROBBIO, JR.,     :
and FREDERICK VON FREDREK,          :
                    Defendants.     :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

        Before the Court is Defendant Carol Kimberly Griggs' Motion
for Entry of Default Judgments against Defendants Nadeau, Gonya,
Marino, Robbio, Davenport, Von Fredrek[1] and Luiz (Document
("Doc.") #67) ("Motion for Entry of Default Judgment" or
"Motion") pursuant to Fed. R. Civ. P. 55(b)(2).  The Motion has
been referred to me for preliminary review, findings, and
recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B).
The Court has determined that no hearing is necessary.  For the
reasons stated below, I recommend that the Motion be granted.

---

        [1] The Court spells Defendant Frederick Von Fredrek's name as it
appears in the Complaint.  A different spelling, "Von Frederek,"
appears in the caption of his answer (Document ("Doc.") #45) and
motion to vacate default (Doc. #44).  A third spelling appears in the
title and signatory paragraph of the latter two documents: "Von
Frederick."  Answer of Defendant Frederick Von Frederick at 1, 6;
Defendant Frederick Von Frederick's Motion to Vacate Default at 1.

## I.  Facts[2] and Travel

This is an interpleader action. <u>See</u> Complaint for
Interpleader (Doc. #1) ("Complaint") ¶ 1.  Plaintiff Sun Life
Assurance Company of Canada, U.S. ("Plaintiff" or "Sun Life"), is
a stock life insurance company with a principal place of business
in Wellesley Hills, Massachusetts. <u>Id.</u> ¶ 3.  In 1984 and 1985
Sun Life issued a total of seven annuity contracts (the
"Contracts") to Frederick A. Gonya ("Frederick"). <u>Id.</u> ¶ 14.  The
Contracts bear the following numbers: 08-0880-138224 ("Contract
224"), 08-0880-138233 ("Contract 233"), 08-0880-145038 ("Contract
038"), 08-0880-145056 ("Contract 056"), 08-0880-145065 ("Contract
065"), 08-0880-145074 ("Contract 074"), and 71-7100-001929
("Contract 929"). <u>Id.</u>  At various times prior to his death on
September 6, 1999, Frederick designated one or more of the named
Defendants as beneficiaries of one or more of the Contracts. <u>Id.</u>
¶¶ 15-16.

Sun Life filed this action on April 25, 2005, <u>see</u> Docket,
alleging that "a dispute exists among the defendants regarding
who are the beneficiaries under the Contracts and how the
proceeds from the Contracts should be distributed among them,"
Complaint ¶ 19.  The Complaint named ten individuals as

---

[2] Because default has entered against Defendants Paul S.
Davenport ("Davenport"), Paul Gonya ("Gonya"), Jeffrey Luiz ("Luiz"),
A. Michael Marino ("Marino"), Robert R. Nadeau ("Nadeau"), Anthony J.
Robbio, Jr. ("Robbio"), and Frederick Von Fredrek ("Von Fredrek")
(collectively the "defaulted Defendants"), <u>see</u> Clerk's Entry of
Default (Docs. #31, #32, #33, #34, #35, #36, #37), as to the defaulted
Defendants the factual allegations of the Complaint are taken as true,
<u>Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co.</u>, 771 F.2d 5, 13
(1st Cir. 1985)("[T]here is no question that, default having been
entered, each of [plaintiff's] allegations of fact must be taken as
true and each of its ... claims must be considered established as a
matter of law.") <u>see also</u> <u>Ortiz-Gonzalez v. Fonovisa</u>, 277 F.3d 59, 62-
63 (1st Cir. 2002)("A defaulting party is taken to have conceded the
truth of the factual allegations in the complaint as establishing the
grounds for liability as to which damages will be calculated.")
(internal quotation marks and citation omitted).

Defendants: Ida Conroy ("Conroy"), Paul S. Davenport
("Davenport"), Paul Gonya ("Gonya"), Carol Kimberly Griggs,
a.k.a. Carol Kimberly ("Griggs"), Jeffrey Luiz ("Luiz"), H. Locke
MacDonald ("MacDonald"), A. Michael Marino ("Marino"), Robert R.
Nadeau ("Nadeau"), Anthony J. Robbio, Jr. ("Robbio"), and
Frederick Von Fredrek ("Von Fredrek").  Complaint at 1.

      According to the Complaint, Frederick allegedly designated
Griggs as the beneficiary of six of the Contracts on August 19,
1999, see Complaint ¶¶ 22, 30, 34, 39, 43, 48, and, upon
information and belief, Griggs claimed to be the beneficiary of
Contract 233, id. ¶ 26.  The Complaint further alleges that
"Griggs contends that the proceeds from the Contracts should be
distributed directly to her," id. ¶ 19, but six Defendants,
Davenport, Gonya, Marino, Nadeau, Robbio, and Von Fredrek,
objected to such distribution, see id.  Each of the six, "[u]pon
information and belief," id. ¶¶ 23, 27, 31, 35, 40, 44, 49,
disputed Griggs' claim to the proceeds of one of the Contracts,
see id.[3]

      Only three Defendants, Conroy, MacDonald, and Griggs,
responded to the Complaint by filing timely answers.  See Docs.
#3, #15, #16; see also Docket.  The remaining seven Defendants,
Davenport, Gonya, Luiz, Marino, Nadeau, Robbio, and Von Fredrek
(the "defaulted Defendants"), who are the subjects of the instant
Motion for Entry of Default Judgment, did not file timely answers
or responses to the Complaint, see Docket, and they were

---

[3] The particular disputes were between:

Griggs and Von Fredrek as to Contract 224, Complaint ¶ 23;
Griggs and Gonya as to Contract 233, id. ¶ 27;
Griggs and Marino as to Contract 038, id. ¶ 31;
Griggs and Conroy as to Contract 056, id. ¶ 35;
Griggs and MacDonald as to Contract 065, id. ¶ 40;
Griggs and Nadeau as to Contract 074, id. ¶ 44; and
Griggs and Luiz as to Contract 929, id. ¶ 49.

3

defaulted on October 24, 2005, see Docs. #31-37.

Six of the defaulted Defendants (Davenport, Gonya, Marino,
Robbio, Nadeau, and Von Fredrek) filed motions on November 16,
2005, to vacate the default and to allow them to answer the
Complaint.  See Docket; see also Docs. #41, #44, #47, #50, #53,
#56.  Luiz had advised Sun Life in a letter dated June 28, 2005,
that he did "not object to Sun Life's distribution of the assets
according to their records as designated by the owner of the
policies, Frederick Gonya, at the time of his passing."
Memorandum of Defendant Carol Kimberly Griggs[1] in Support of
Motion for Entry of Default Judgments against Defendants Nadeau,
Gonya, Marino, Robbio, Davenport, Von Fredrek and Luiz ("Griggs'
Mem."), Exhibit ("Ex.") A (Letter from Luiz to Kirby of 6/28/05).

Following a hearing on January 6, 2006, the Court denied the
motions to vacate in a memorandum and order issued on January 12,
2006.  See Memorandum and Order Granting Plaintiff's Motion to
Deposit Proceeds and Denying Motions to Vacate Default (Doc. #61)
("Memorandum and Order of 1/12/06").  In that same memorandum and
order, the Court granted Sun Life's motion to deposit the
proceeds of five of the Contracts with the Clerk.[4]  See id.  None
of the defaulted Defendants objected to, or otherwise sought
review of, the Memorandum and Order of 1/12/06 which denied their
motions to vacate the defaults.  See Docket.

The instant Motion for Entry of Default Judgment was filed
by Defendant Griggs on February 14, 2005.  See Docket.  By the
Motion, Griggs seeks to have default judgment enter against the
defaulted Defendants and in her favor concerning five annuity

_____

[4] Sun Life's motion to deposit proceeds originally sought to
deposit the proceeds of all seven Contracts with the Clerk.  See
Plaintiff's, Sun Life Assurance Company of Canada, (U.S.) Motion to
Deposit Proceeds into Court (Doc. #21).  At the January 6, 2006,
hearing Sun Life amended the motion to exclude Contracts 056 and 065
from its scope.  See Memorandum and Order of 1/12/06 at 2.

4

Contracts: 224, 233, 038, 074, and 929.  See Motion at 4.  The
Motion also recites that Griggs, Conroy, and MacDonald have
"settled their differences, if any, concerning Contracts 056 and
065," id. at 2, as a result of a stipulation (Doc. #65) entered
by the Court on February 1, 2006, see id.

## II.  Jurisdiction

     As an initial matter, when judgment is sought against a
party who has failed to plead or otherwise defend, a district
court has an affirmative duty to assure itself that it has
jurisdiction over both the subject matter and the parties.  See
Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy, 242 F.3d
322, 324 (5th Cir. 2001); In re Tuli, 172 F.3d 707, 712 (9th Cir.
1999); Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.,
115 F.3d 767, 772 (10th Cir. 1997); Williams v. Life Sav. & Loan,
802 F.2d 1200, 1203 (10th Cir. 1986); see also Daynard v. Ness,
Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st
Cir. 2002)("To hear a case, a court must have personal
jurisdiction over the parties, 'that is, the power to require the
parties to obey its decision.'")(quoting United States v. Swiss
Am. Bank, Ltd., 191 F.3d 30, 35 (1st Cir. 1999)); Letelier v.
Republic of Chile, 488 F. Supp. 665, 668 (D.D.C. 1980)(holding
that issue of subject matter jurisdiction should be fully
explored despite previous entry of default); cf. Hugel v. McNell,
886 F.2d 1, 3 n.3 (1st Cir. 1989)("[W]here the court rendering
the default judgment is shown to lack personal jurisdiction over
the defendant, ... the judgment may be vacated and set aside by
the rendering court on motion, or by another court on collateral
attack.")(quoting 6 Moore's Federal Practice para. 55.09)(second
alteration in original).  Accordingly, this Court examines both
subject matter and personal jurisdiction.

### A.  Subject Matter Jurisdiction

"Under 28 U.S.C. § 1335,[5] a district court has jurisdiction
of any civil action of interpleader involving money or property
worth $500 or more where two or more adverse claimants, of
diverse citizenship as defined in 28 U.S.C. § 1332, 'are claiming
or may claim to be entitled to such money or property,' if the
plaintiff has deposited the money or property with the court."
New York Life Ins. Co. v. Connecticut Dev. Auth., 700 F.2d 91, 95

---

[5] 28 U.S.C. § 1335 states that:

(a) The district courts shall have original jurisdiction of
any civil action of interpleader or in the nature of
interpleader filed by any person, firm, or corporation,
association, or society having in his or its custody or
possession money or property of the value of $500 or more, or
having issued a note, bond, certificate, policy of insurance,
or other instrument of value or amount of $500 or more, or
providing for the delivery or payment or the loan of money or
property of such amount or value, or being under any
obligation written or unwritten to the amount of $500 or more,
if

(1) Two or more adverse claimants, of diverse citizenship as
defined in subsection (a) or (d) of section 1332 of this
title, are claiming or may claim to be entitled to such money
or property, or to any one or more of the benefits arising by
virtue of any note, bond, certificate, policy or other
instrument, or arising by virtue of any such obligation; and
if (2) the plaintiff has deposited such money or property or
has paid the amount of or the loan or other value of such
instrument or the amount due under such obligation into the
registry of the court, there to abide the judgment of the
court, or has given bond payable to the clerk of the court in
such amount and with such surety as the court or judge may
deem proper, conditioned upon the compliance by the plaintiff
with the future order or judgment of the court with respect to
the subject matter of the controversy.

(b) Such an action may be entertained although the titles or
claims of the conflicting claimants do not have a common
origin, or are not identical, but are adverse to and
independent of one another.

28 U.S.C. § 1335.

(2nd Cir. 1983)(footnote omitted).  "The requisite diversity exists if at least two of the adverse claimants are citizens of different states, without regard to the citizenship of other claimants or the stakeholder."  <u>New York Life Ins. Co. v. Connecticut Dev. Auth.</u>, 700 F.2d at 95 n.5.

This action was brought pursuant to Fed. R. Civ. P. 22[6] and 28 U.S.C. §§ 1335, 1397,[7] and 2361.[8]  <u>See</u> Complaint ¶ 1.  The

---

[6] Fed. R. Civ. P. 22, which governs interpleader actions, states:

(1) Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability.  It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that the plaintiff is not liable in whole or in part to any or all of the claimants.  A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim.  The provisions of this rule supplement and do not in any way limit the joinder of parties permitted in Rule 20.

(2) The remedy herein provided is in addition to and in no way supersedes or limits the remedy provided by Title 28, U.S.C., §§ 1335, 1397, and 2361.  Actions under those provisions shall be conducted in accordance with these rules.

Fed. R. Civ. P. 22.


[7] 28 U.S.C. § 1397 provides: "Any civil action of interpleader or in the nature of interpleader under section 1335 of this title may be brought in the judicial district in which one or more of the claimants reside."  28 U.S.C. § 1397.

[8] 28 U.S.C. § 2361 provides:

In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court.  Such process and order shall be returnable at such time as the

Complaint alleges that Davenport and Gonya are residents, respectively, of Florida and California, see Complaint ¶¶ 5-6, while the other eight Defendants (Conroy, Griggs, Luiz, MacDonald, Marino, Nadeau, Robbio, and Von Fredrek) are residents of Rhode Island, see id. ¶¶ 4, 7-13.  Therefore, diversity of citizenship is present.  Additionally, Sun Life has deposited the proceeds from five of the Contracts into the Registry of the Court.[9]  Thus, this Court has original jurisdiction by virtue of the federal interpleader statute, 28 U.S.C. § 1335.  See State St. Bank & Trust Co. v. Denman Tire Corp., 240 F.3d 83, 89 n.4 (1st Cir. 2001)(stating that 28 U.S.C. § 1335 provides jurisdiction to federal courts over interpleader actions having "[t]wo or more adverse claimants, of diverse citizenship") (alteration in original); see also Complaint ¶ 2 (alleging that this Court has original jurisdiction pursuant to 28 U.S.C. § 1335 and that venue is appropriate in this Court pursuant to 28 U.S.C. § 1397 as one or more of the defendants reside in this district). Accordingly, subject matter jurisdiction exists.

### B.  Personal Jurisdiction

Davenport, Gonya, Luiz, Robbio, Marino, and Nadeau each signed a waiver of service of process in this matter, see Docs. #6, #9-13, and Von Fredrek was personally served with a summons and a copy of the Complaint, see Doc. #5.  Thus, personal

---

court or judge thereof directs, and shall be addressed to and served by the United States marshals for the respective districts where the claimants reside or may be found.

Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

28 U.S.C. § 2361.

[9] Sun Life deposited the sum of $273,692.83 into the Registry of the Court on January 24, 2006.

jurisdiction exists as to the defaulted Defendants by virtue of
either a waiver of service of process and complaint or service of
a summons and complaint.  See <u>Farm Credit Bank of Baltimore v.</u>
<u>Ferrera-Goitia</u>, 316 F.3d 62, 68 (1st Cir. 2003)(noting that
personal jurisdiction over a defendant may be obtained by either
service of process or waiver of service of process).
Accordingly, I find that the Court has personal jurisdiction over
the defaulted Defendants.

### III.  Judgment

#### A.  Moving Party

The instant Motion for Entry of Default Judgment has been
filed by Griggs, a Defendant in the action.  See Motion.  While
more frequently it is the plaintiff who moves for entry of
default judgment, the right of a defendant in an interpleader
action to do so is recognized.  See <u>Am. Nat'l Bank & Trust Co. of</u>
<u>Chicago v. Alps Elec. Co.</u>, No. 99 C 6990, 2002 WL 484845, at *2
(N.D. Ill. Mar. 29, 2002)(finding that defendant was "clearly
entitled" to have his motion for default judgment granted against
one of two other defendants who had neither answered nor
appeared); <u>Gulf Coast Galvanizing, Inc. v. Steel Sales Co.</u>, 826
F.Supp. 197, 203-04 (S.D. Miss. 1993)("Thus, an interpleader
claimant may obtain judgment when the remaining claimants have
defaulted, unless, however, the competing claimant is the United
States."); <u>European Am. Bank v. Royal Aloha Vacation Club</u>, No. 87
CIV. 2154 (RWS), 1988 WL 68194, at *1-2 (S.D.N.Y. June 20, 1988)
(granting moving defendant's motion for default judgment against
two other defendants who did not file a timely answer to the
complaint).

#### B.  Basis

Griggs has resolved her dispute with Conroy and MacDonald,
the other two Defendants who have not been defaulted.  See
Stipulation Concerning Distribution of Annuity Proceeds (Doc.

9

#65) ("Stipulation").  Conroy claimed an interest only in
Contract 056, see Doc. #15 (Conroy Answer), and MacDonald claimed
an interest only in Contract 065, see Doc. #3 (MacDonald Answer).
They have each executed a stipulation authorizing and directing
Sun Life to distribute the proceeds of the annuity contract in
which they claimed an interest to Griggs.  See Stipulation ¶¶ 4,
5.  Conroy and MacDonald have also agreed to execute releases in
favor of Sun Life after the proceeds have been distributed to
Griggs.  Id. ¶ 7.  Thus, in light of the Stipulation, for
practical purposes, the only remaining defendants in this action
are Griggs and the defaulted Defendants.

        A named interpleader defendant who fails to answer the
interpleader complaint and assert a claim to the res forfeits any
claim of entitlement that might have been asserted.  See Gulf
Coast Galvanizing, Inc. v. Steel Sales Co., 826 F.Supp. 197, 203
(S.D. Miss. 1993)(citing Gen. Accident Group v. Gagliardi, 593
F.Supp. 1080, 1089 (D. Conn. 1984); Nationwide Mut. Fire Ins. Co.
v. Eason, 736 F.2d 130, 133 n.4 (4th Cir. 1984)("if all but one
named interpleader defendant defaulted, the remaining defendant
would be entitled to the fund").  Thus, I find that the defaulted
Defendants by their failure to answer or otherwise respond to the
Complaint have forfeited any claim to the proceeds from annuity
Contracts 224, 233, 038, 074, and 929.[10]  I further find that
Griggs by virtue of her status as the sole remaining Defendant
who has asserted a claim to the proceeds of those Contracts is
entitled to the funds which have been deposited in the Registry
of the Court.  See New York Life Ins. Co. v. Connecticut Dev.
Auth., 700 F.2d 91, 95-96 (2nd Cir. 1983)(affirming portion of

_____

        [10] In the process of finding that Gonya, Marino, Robbio, Nadeau,
and Von Fredrek were not entitled to have the defaults vacated, the
Court found that none of them had demonstrated that he had a
meritorious claim to funds which Sun Life sought to deposit.  See
Memorandum and Order of 1/12/06 at 9.

judgment which directed that proceeds deposited with court be
paid to the sole remaining non-defaulted defendant); <u>Gen.
Accident Group v. Gagliardi</u>, 593 F.Supp. 1080, 1089 (D. Conn.
1984)(noting affirmation in <u>New York Life</u> of "judgment directing
that the proceeds already deposited with the court be paid to the
sole remaining non-defaulted claimant").

### C.  Form

Default judgments should enter against the defaulted
Defendants (Davenport, Gonya, Luiz, Marino, Nadeau, Robbio, and
Von Fredrek) and in favor of Griggs concerning the proceeds of
Contracts 224, 233, 038, 074, and 929.  <u>See</u> Motion at 4.  The
proceeds of these Contracts which have been deposited into the
Registry of the Court should be paid to Griggs, and the defaulted
Defendants should be restrained from instituting any action
against Sun Life relating to the recovery of the proceeds of
those Contracts.  <u>See</u> Complaint, Prayer for Relief.

### IV.  Conclusion

For the reasons stated above, I recommend that the Motion
for Entry of Default Judgment be granted (in the form stated
above).  Any objections to this Report and Recommendation must be
specific and must be filed with the Clerk of Court within ten
(10) days of its receipt.  <u>See</u> Fed. R. Civ. P. 72(b); DRI LR Cv
72(d).  Failure to file specific objections in a timely manner
constitutes waiver of the right to review by the district court
and of the right to appeal the district court's decision.  <u>See</u>
<u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986);
<u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st
Cir. 1980).

David L. Martin

DAVID L. MARTIN
United States Magistrate Judge
March 16, 2006

11